[No. 2075.  Decided September 28, 1896.]

ESLIE ATWOOD, *Appellant*, v. WILLIE ATWOOD *et al.*,
*Respondents*.

#### DELIVERY OF DEED — WHAT CONSTITUTES.

Delivery of a certain deed found among the papers of the grantor
after his death cannot be presumed, when the only evidence thereof
is that the grantor made the deed and intended that at some time
the grantees therein named should become the owners of the land
therein described, but there is nothing tending to show that he ever
did anything in connection with the deed, or said anything in
reference thereto, which clearly showed his intention that the title
should pass from himself to the grantees named during his lifetime.

Appeal from Superior Court, Walla Walla County.—
Hon. WILLIAM H. UPTON, Judge.   Affirmed.

*Thomas & Dovell*, for appellant :

That a deed shall pass title it must be delivered.
But this does not require an actual manual delivery
from the grantor to the grantee.   Courts will look to
the intention of the grantor and, as is that intention,
the estate will pass or not.   This intention may be
manifested by either words or acts, or both.   5 Am.
& Eng. Enc. Law, p. 447, and notes 3 and 5; 3 Wash-
burn, Real Property (5th ed.), p. 805, and citations;
1 Devlin, Deeds, p. 262; *Bierer v. Fretz*, 4 Pac. 284;
*Martin v. Flaharty*, 32 Pac. 287; *Glaze v. Insurance Co.*,
49 N. W. 595; *Davis v. Garrett*, 18 S. W. 113; *McGrath*

. *v. Hyde*, 21 Pac. 949; *Jones v. Jones*, 6 Conn. 111 (14 Am. Dec. 35); *Adams v. Adams*, 21 Wall. 185; *Hibberd v. Smith*, 4 Pac. 481; *Toms v. Owen*, 52 Fed. 417; 4 Kent, Commentaries (13th ed.), p. 456; *Crawford v. Bertholf*, 1 N. J. Eq. 458; *Newton v. Bealer*, 41 Iowa, 334; *Garnous v. Knight*, 5 Barn. & Cr. 671; *Walker v. Walker*, 89 Am. Dec. 446; *Thompson v. Candor*, 60 Ill. 247; *Cline v. Jones*, 111 Ill. 568.

*Chadwick, Fullerton & Wyman*, for respondent Kenoyer:

To constitute a good delivery the deed must pass from without the control of the grantor, or, at least, his right to retain it must pass from him, and if the deed is left in such a manner that the grantor can recall or destroy it, change or modify it, there is no delivery. *Younge v. Guilbeau*, 3 Wall. 636; *Cook v. Brown*, 34 N. H. 460; *Baker v. Haskell*, 47 N. H. 479 (93 Am. Dec. 455); *Ball v. ·Foreman*, 37 Ohio St. 132; *Dearmond v. Dearmond*, 10 Ind. 191; *Stevens v. Stevens*, 23 N. E. 378; *Porter v. Woodhouse*, 59 Conn. 568 (21 Am. St. Rep. 131). The deed must be delivered in the life time of the grantor, for "there' can be do delivery by a dead hand." *Jones v. Jones*, 16 Am. Dec. 39, notes; *Fisher v. Hall*, 41 N. Y. 423; *Jackson v. Leek*, 12 Wend. 107; *Herbert v. Herbert*, Breese, 354 (12 Am. Dec. 192); *Fay v. Richardson*, 7 Pick. 91; *Wiggins v. Lusk*, 12 Ill. 132. "The general rule, undoubtedly, is that where a deed remains in possession of the grantor to be delivered and take effect after his death, the deed is void for want of delivery during his life time." 1 Devlin, Deeds (1st. ed.), § 279; *Miller v. Murfield*, 44 N. W. 540; *Stone v. French*, 37 Kan. 145 (1 Am. St. Rep. 237); *Anderson v. Anderson*, 24 N. E. 1036; *Ireland v. Geraghty*, 15 Fed. 35; *Fain v. Smith*, 14 Ore. 82

(58 Am. Rep. 281); *Provart v. Harriss*, 36 N. E. 958; *Huey v. Huey*, 65 Mo. 689.

The grantor, after signing the deed in question, continued to reside on the premises described, and continued to hold the deed in his possession, and exercised exclusive control over it and its place of deposit. This is conclusive against any contention of delivery, either actual, constructive, or even by intent. *Hawkes v. Pike*, 105 Mass. 560 (7 Am. Rep. 554); *Elmore v. Marks*, 39 Vt. 538; *Samson v. Thornton*, 3 Metc. 275 (37 Am. Dec. 135); *Maynard v. Maynard*, 10 Mass. 456 (6 Am. Dec. 146); *Bailey v. Bailey*, 7 Jones (N. C.) 44; *Payne v. Powell*, 5 Bush, 248; *Davis v. Williams*, 57 Miss. 843; *Benneson v. Aiken*, 102 Ill. 284 (40 Am. Rep. 592); *Byars v. Spencer*, 101 Ill. 429 (40 Am. Rep. 212); *Stinson v. Anderson*, 96 Ill. 376; *Jones v. Loveless*, 99 Ind. 317; *Miller v. Lullman*, 81 Mo. 311. *Goodlett v. Kelly*, 74 Ala. 213; *Ward v. Ward*, 2 Hayw. (N. C.) 226.

*Edmiston & Miller*, for respondents Whitaker *et al.*:

Courts of equity will take no notice of the intent of the grantor to deliver the deed until the fact is established that he did some act, or made some declaration which he intended should constitute a delivery, and by which he intended to divest himself of title. The act, or words, must be present, and it must be shown that the grantor intended said word or act to take the place of an actual delivery. It is never sufficient to show that the grantor intended to do something in the future, which should constitute or take the place of a delivery. A delivery can never be predicated upon the intention of the grantor so long as the deed remains in his possession under circumstances showing that he retains control of the same with the inten-

tion of doing something more with it. 5 Am. & Eng. Enc. Law, p. 445; *Fisher v. Hall*, 41 N. Y. 423; *Baker v. Haskell*, 93 Am. Dec. 455; 3 Washburn, Real Property (4th ed.), pp. 289, 290; *Anderson v. Anderson*, 24 N. E. 1036; *Hibberd v. Smith*, 4 Pac. 473; *Oliver v. Oliver*, 36 N. E. 955; *Davis v. Ellis*, 19 S. E. 399; *Stillwell v. Hubbard*, 20 Wend. 44; *Brown v. Brown*, 66 Me. 316. To constitute a delivery the grantor must part with the possession of the deed or the right to retain it. *Younge v. Guilbeau*, 3 Wall. 636; *Maynard v. Maynard*, 10 Mass. 456 (6 Am. Dec. 146); *Lang v. Smith*, 17 S. E. 213; *Benneson v. Aiken*, 102 Ill. 284 (40 Am. Rep. 592); *Ireland v. Geraghty*, 15 Fed. 35. The only infallible test of delivery is the fact that the grantor has divested himself of all dominion and control over the deed. *Cook v. Brown*, 34 N. H. 460; *Byars v. Spencer*, 40 Am. Rep. 212; *Huey v. Huey*, 65 Mo. 689; *Fain v. Smith*, 14 Ore. 82 (58 Am. Rep. 281); *Provart v. Harriss*, 36 N. E. 958.

The opinion of the court was delivered by

HOYT, C. J.— The fact upon which the rights of the parties in this action depends is as to whether or not a certain deed found among the papers of the grantor after his death had been so delivered in his life time that it became operative, and conveyed the title to the land therein described to the grantees therein named.

The cause was tried before a referee who made findings of fact upon which he founded a conclusion of law to the effect that the deed had been so delivered. Exceptions having been taken to the findings of the referee, the superior court set aside such findings and made new findings of fact, and thereon found as a

conclusion of law that the deed had not been delivered so as to become operative.

A careful examination of all the evidence introduced upon the trial satisfies us that the findings made by the superior court were warranted by such evidence, and in our opinion but one conclusion of law could be drawn therefrom, and that was the one which the superior court drew when it found that the deed had not been delivered. Not only are we satisfied that the findings by the superior court fully support its conclusion as to the law, but in our opinion the findings of fact made by the referee failed to support his conclusion of law drawn therefrom, and were such that the proper conclusion would have been that the deed had not been delivered.

In coming to these conclusions we have not lost sight of the able argument and large array of authorities contained in the brief of appellant, to the effect that the delivery of a deed does not necessarily require any formal act on the part of the grantor; that it is often a question of intention; that a deed may become operative while the manual possession is retained by the grantor. But in such cases, before the court can find a delivery, the intention to consummate the transaction so as to fully vest the title in the grantee must be clearly shown, and neither the findings of fact by the referee nor by the superior court, nor the evidence in the case, satisfies us that the grantor in the deed under consideration ever did anything with the intention that by doing it he had so delivered the deed as to make it presently operative. That which can be gathered from the evidence construed most strongly in favor of the plaintiff, is that the grantor made the deed and that he intended that at some time the grantees therein named should be-

come the owners of the land therein described; but there is nothing which even tends to show that he ever did anything in connection with the deed or said anything in reference thereto which clearly showed his intention that the title should pass from himself to his children during his life time. · Nor was there anything which tended to show that the deed had been delivered to any person *in escrow* to take effect after the death of the grantor. Such being the state of the evidence, no case has been cited by the plaintiff which would justify us in finding that the deed had been delivered during the life time of the grantor.

The judgment and decree will be affirmed.

ANDERS, DUNBAR, SCOTT and GORDON, JJ., concur.