[No. 6300. Decided November 27, 1906.]

# D. E. MEIKLE, *Appellant*, v. AUGUST CLOQUET, SENIOR, *et al.,* *Respondents.*[1]

JUDGMENTS—LIEN—REVIVAL. A judgment upon a contract prior to the act of 1897 may be revived by a direct action at law brought thereon.

SAME—CREDITOR'S BILL—LIEN TO SUPPORT. Where an action upon a judgment is changed by amendment to make it in the nature of a creditor's bill to set aside conveyances preventing the collection of the judgment, the lien of the judgment is not continued by the proceeding after the expiration of six years from its date, if controlled by the law of 1897, even though the amendment was made prior to the expiration of such period; as the law of 1897 terminates the lien absolutely after six years.

FRAUDULENT CONVEYANCES—HOMESTEADS—JUDGMENTS—LIEN. Conveyances of a homestead cannot be fraudulent as to a judgment creditor who, during the lifetime of his lien, took no steps to subject to his judgment its excess of value over and above the statutory allowance for a homestead.

DEEDS—DELIVERY. A deed not delivered until after the death of the grantor conveys no title.

EXECUTORS AND ADMINISTRATORS—NOTICE TO CREDITORS. A notice to creditors is not objectionable in that the administrator's signature was affixed thereto by his attorneys.

SAME—ADMINISTRATION—QUALIFICATIONS—RESIDENCE—FRAUD. The fact that an administrator is a nonresident of the state does not amount to such a fraud as to avoid the proceedings had.

SAME—NOTICE TO CREDITORS—FRAUD. Fraud in preventing a creditor from presenting his claim against an estate within the proper time cannot be predicated upon the fact that the attorney of the administrator declined, upon request. by mail, to look after the collection of the debt because employed by the administrator, where such answer was promptly mailed.

SAME. It cannot be claimed that an administrator fraudulently misled a creditor as to the time for presenting his claim, where he gave the proper notices and personally notified the creditor of the necessity of presenting the claim.

[1]Reported in 87 Pac. 841.

Appeal from a judgment of the superior court for Lewis county, Rice, J., entered April 5, 1906, after a trial on the merits before the court without a jury, dismissing an action upon a judgment. Affirmed.

*W. W. Langhorne,* for appellant.

*Reynolds & Stewart,* for respondents.

Fullerton, J.—On June 12, 1899, the appellant, Meikle, recovered a judgment for the sum of $699.62 against the respondent. August Cloquet, Sr., in the superior court of Lewis county, on a promissory note executed sometime in 1894. At the date of the judgment August Cloquet was a married man, and was then living with his wife on certain real property situated in Lewis county on which they had theretofore filed a declaration of homestead. The real property at the time of the entry of judgment was of the probable value of $5,000. The parties also owned certain personal property, which was appraised later at $664. Mrs. Cloquet died on December 16, 1900. Just prior to her death, and during her last sickness, she joined her husband in certain deeds purporting to convey to their children as tenants in common the real property above mentioned, reserving to the grantors and to each of them the use and possession of the property during their and each of their natural lives. These deeds were not delivered during the lifetime of Mrs. Cloquet, but were held by the husband at the time of her death, and recorded by him on August 29, 1904, some years after the date of their execution. On January 12, 1903, August Cloquet filed a petition in the superior court of Lewis county asking to be appointed administrator of his wife's estate, averring that she had died intestate. On a hearing he was appointed according to his request, but later and before qualifying, he filed a supplementary petition asking for the appointment of his son, the respondent Louis Cloquet. Louis Cloquet was thereupon appointed administrator, and duly qualified as

such. After his qualification he caused notice to the creditors of the estate to be given, caused an inventory and appraisement of the estate to be made, and otherwise proceeded with the administration as the statute directs.

On January 9, 1905, the administrator filed his final account with the estate. In the account he recited the judgment of the appellant against August Cloquet, Sr., above mentioned, but averred that no claim had been presented to the estate for it, and that he was not advised whether it was or was not a charge against the estate payable out of the property in his possession. He also set forth the property in his hands subject to distribution, and prayed that a time and place be fixed for hearing the account, that due notice thereof be given, and that on such hearing that the court settle and approve his account, and make such distribution of the property as the law required. On filing the account a time and place was fixed for its hearing and the statutory notice thereof given. At the hearing the account of the administrator was approved, and the property ordered distributed without division, one-half to August Cloquet, Sr., and one-half to the heirs at law of Mrs. Cloquet; the judgment of the appellant being disallowed as a claim against the estate because not presented within the time limited by law. This decree was entered on February 20, 1905.

On March 20, 1905, the appellant brought a common law action against August Cloquet, Sr., on his judgment, averring its due recovery and entry in the year 1899, and that the same had not been paid. Thereafter he asked and obtained leave of the court to file an amended complaint making the heirs-at-law of Mrs. Cloquet and distributees of her estate parties defendant. In this amended complaint the appellant attacks the conveyances above mentioned and the probate proceedings as being fraudulent and void. He alleged that the conveyances were made for the purpose of hindering, delaying and defrauding creditors, and that the probate proceed-

ings were void for the reason that no sufficient notice to cred-
itors was given; that the administrator appointed was a non-
resident of the state; that the administrator did not take the
estate into his possession, and certain minor objections going
to the account of the administrator. Issue was taken on the
allegations of the complaint, and a trial had, resulting in a
judgment dismissing the action. From the judgment so en-
tered this appeal is taken.

The appellant's judgment against the respondent August
Cloquet, Sr., it will be observed, since it was rendered upon a
contract entered into prior to the act of 1897, was one capable
of being revived and continued, either by a direct action at
law brought upon the judgment, or by the special proceeding
provided for in §§ 262 and 263 of 2 Hill's Code. *Bettman v.
Cowley*, 19 Wash. 207, 53 Pac. 53, 40 L. R. A. 815; *Palmer
v. Laberee*, 23 Wash. 409, 63 Pac. 216; *Fischer v. Kittinger*,
39 Wash. 174, 81 Pac. 551.

The appellant insists, however, that notwithstanding the
action was begun as an action at law upon a judgment, its
entire scope and purpose was changed by the amendment per-
mitted by the court, and that the action as prosecuted is in
no sense an action to revive or continue a judgment, but that
it is one in the nature of a creditor's bill to set aside certain
fraudulent conveyances and proceedings which the judgment
debtor and his privies in interest have interposed to prevent
the collection of the judgment by execution. The trial court,
accepting this view of the action, held that the judgment on
which the action was founded became dormant and ceased to
be a lien upon any of the respondent's property at the end of
five years from the time of its rendition; namely, June 12,
1904, and was incapable, because not a lien, of supporting a
creditor's bill. The appellant insists in this court that this
is an erroneous view of the judgment. He argues that, inas-
much as the judgment was entered after the passage of the
act of 1897, it is governed by that statute, and that its lien
continues for six years after the date of its entry, and conse-

quently was a valid and subsisting lien at the time the amended complaint was filed by which the purpose of the action was changed and the additional defendants brought into court; and that, inasmuch as it was a valid and subsisting lien on the property at that time, the proceeding had the effect of stopping the running of the statute and of continuing the existence of the lien until the final determination of the action.

But it has seemed to us that if the appellant's view of the judgment be correct, namely, that it is controlled by the statute of 1897, it does not follow that its lien has been continued by this proceeding. On the contrary, the statute expressly provides that such a judgment ceases to be a lien after the expiration of six years, against either the estate or the person of the judgment debtor, and that no suit, action, or other proceeding shall ever be had upon it by which its duration shall be extended or continued for a greater or longer period than six years from the date of its entry. Laws 1897, p. 52. If the judgment cannot be continued for a longer period than six years by a direct action or proceeding brought for that purpose, it must follow that it cannot be continued by an indirect or ancillary action brought to remove fraudulent conveyances made to cover up property subject to execution under the judgment. We think, therefore, whether the judgment be treated as a judgment capable of revival, or as one under the statute of 1897 which expired absolutely at the end of the six-year period, it was insufficient to support the present action.

But if we were to take the other view of the matter and agree with the appellant that "fraud vitiates everything," still we must reach the same result. The appellant's judgment was never a lien upon the homestead of August Cloquet and wife. *Smalley v. Laugenour*, 30 Wash. 307, 70 Pac. 786. While the appellant might, during the lifetime of his lien, have subjected the homestead to sale for its excess of value over and above the value allowed by statute by complying

with the statutory requirements, yet, he must have exercised this right while the claimants held the land. If he delayed until after the claimants parted with it, whether they conveyed by deed or otherwise, his remedy to sell for even this surplus was lost. If, then, the deeds from August Cloquet and wife to their children were valid between the parties, they were not fraudulent as to the appellant, as the property conveyed was their homestead, and the appellant had taken no steps to make his judgment a lien upon the property. But these deeds were not even sufficient as between the parties. They were not delivered, if delivered at all, until after the death of the wife, and this fact alone rendered them insufficient to pass her interest in the property. *Atwood v. Atwood,* 15 Wash. 285, 46 Pac. 240. Moreover, they were treated by the parties and by the probate court as insufficient to pass title; and the appellant could have had his judgment allowed and paid as a claim against the estate of the deceased grantee either by presenting it to the administrator appointed by the court, or if he felt that the administrator so appointed was not rightfully entitled to administrate upon the estate, he could, as a creditor, have had some person lawfully entitled appointed in his stead, and presented the claim to him. These deeds, therefore, under any view of the case, have never stood in the way of an execution upon the appellant's judgment.

Nor do we find any fraud in the probate proceedings. The objection to the notice given to the creditors is that the name of the administrator was signed thereto by his attorneys instead of by himself. While we think the weight of the evidence is against the contention, it would not avoid the proceedings if the fact were otherwise. Since the statute does not expressly require the administrator to personally sign the notice, he may authorize his attorney to sign it in his name and on his behalf. There is no question that the notice was regularly published for the required time under an order of the court, and fully complied with the statute in both form and substance.

The other objections are equally without merit.  The fact that the person who administered upon the estate was a nonresident is not such a fraud as will avoid the administration proceedings.  That a person applying for letters is a nonresident is good ground for opposing his appointment, and good cause for removing him after he has been appointed, but his acts as administrator, when once appointed, are neither void nor voidable and could not be set aside for that reason.  This is so, even where the acts are attacked during the progress of the administration, and for a much stronger reason it is not ground for setting them aside on collateral attack after the administration has been closed.  If, therefore, we reach the conclusion from the evidence, which we do not, that the administrator was a nonresident, we could not set aside the probate proceedings.  The minor objections suggested do not merit special discussion.

There is a claim put forth in the brief to the effect that the conduct of the administrator and his attorney was such as to mislead the appellant, by which he was lured into security and was thereby prevented from presenting his judgment to the administrator, as a claim against the estate.  The fault charged against the attorney is that, in answer to a letter from the appellant requesting him to look after the renewal and collection of the judgment, he stated that he was employed by the administrator and could not act for the appellant.  This answer was mailed promptly, and it is hard to understand what more the attorney was in honor bound to do.  The appellant says that the attorney ought to have informed him of his rights, but surely it would not only have been improper, but would have been presumptious on the part of the attorney to advise him concerning his business after he had refused to accept his offer of employment.  The charge against the administrator is not made clear by either the brief or the evidence, but we think there is no cause for the complaint that he misled the appellant.  On the contrary, he not only gave the notices required by law to be given, but went to

the appellant personally, told him he had been appointed administrator of his mother's estate, and that in order to have his judgment adjusted it would be necessary to present it as a claim against the estate. It would hardly seem that good conscience or honesty required more.

We conclude, therefore, that the appellant has lost his right to collect his judgment by reason of his own laches, and not through any fault of the respondents. The judgment will stand affirmed.

MOUNT, C. J., RUDKIN, HADLEY, ROOT, CROW, and DUNBAR, JJ., concur.