[No. 6872.    Decided January 15, 1908.]

THEODORE MATSON *et al.*, *Appellants*, v. ANDREW J. JOHNSON
*et al.*, *Respondents*.[1]

DEEDS—ACKNOWLEDGMENT.  An unacknowledged deed is good as
between the parties, and conveys at least equitable title.

SAME—DELIVERY—INTENT.  A deed is effective without manual
delivery where it was executed by a father to his minor children,
during his last sickness, at the time of executing a will of all his
other property, and with the expressed intent of conveying the
property.

EXECUTORS—SALES—BONA FIDE PURCHASERS.  The rule of caveat
emptor applies to purchasers at an executor's sale of real property,
who take only the interest of the estate.

Appeal from a judgment of the superior court for Kitsap
county, Yakey, J., entered February 28, 1907, upon findings
in favor of the defendants, after a trial on the merits before
the court without a jury, in an action to quiet title as against
purchasers at an executor's sale.  Reversed.

*S. S. Langland*, for appellants.

*Willett & Willett*, for respondents.

RUDKIN, J.—F. Lanston died testate in Kitsap county in
this state on the 15th day of June, 1902.  During his last
illness and a few days before his death, he called in one of his
neighbors and directed him to prepare a deed and will in order
that he might execute them.  A deed was accordingly pre-
pared purporting to convey the property now in controversy
to the three minors who are plaintiffs in this action.  The in-
strument was signed by the grantor in the presence of two
witnesses, but was not acknowledged because there was no
officer present authorized by law to take the acknowledgment
of deeds.  The grantor stated to those present that he would

[1]Reported in 93 Pac. 324.

appoint Mr. Johnson as his executor, and would instruct him to have the deed acknowledged and properly executed. The property described in the deed was of the value of about $100 and was the only real property owned by the grantor. At the time of the execution of this deed and as part of the same transaction, Lanston executed a will making various small bequests which are not material here. The following endorsement was made at the foot of the will by direction of the testator: "Ed Johnson are hereby empowered to appear for the Notary Publich to have inlaid deed executed." What disposition was made of the will and deed after their execution does not appear, but both instruments were delivered to the executor some time after Lanston's death and were by him filed in the office of the clerk of the superior court, the will under date of June 18th and the deed on June 23d, 1902. The deed was not filed for record in the auditor's office until February 1, 1906. At the time of the execution of the deed and will, Lanston was the owner of the real property described in the deed and about $500 cash in bank. The will was admitted to probate and Johnson appointed executor thereof. On the 25th day of November, 1905, the real property now in controversy was conveyed to the defendants in this action by the executor of the will, pursuant to an order of the superior court made and entered in the estate matter. The present action was instituted by the grantees named in the above deed, through their guardian *ad litem*, to quiet their title as against the purchasers at the executor's sale, and from a judgment in favor of the defendants, the present appeal is prosecuted.

Three questions have been presented for the consideration of this court: (1) Was the Lanston deed ineffective for lack of an acknowledgment on the part of the grantor; (2) was there a delivery of the deed; and, (3) are the defendants *bona fide* purchasers.

First. An unacknowledged deed is good · as between the parties in this state. Such an instrument conveyed at least an equitable title. Devlin, Deeds (2d ed.), § 465; *Edson v. Knox*, 8 Wash. 642, 36 Pac. 698; *Carson v. Thompson*, 10 Wash. 295, 38 Pac. 1116; *Bloomingdale v. Weil*, 29 Wash. 611, 70 Pac. 94.

Second. Was there a delivery of the deed?

"Actual manual delivery and change of possession are not required in- order to constitute an effectual delivery. But whether there has been a valid delivery or not must be decided by determining what was the intention of the grantor, and by regarding the particular circumstances of the case. Where a father had indicated in various ways that certain property should be bestowed at his death upon his infant son, and for that purpose had executed a deed, of which he, however, retained the possession, effect, was given to his intention, despite the fact that there had been no manual delivery of the deed." 1 Devlin, Deeds (2d ed.), § 269.

In *Atwood v. Atwood*, 15 Wash. 285, 46 Pac. 240, this court said:

"In coming to these conclusions we have not lost sight of the able argument and large array of authorities contained in the brief of appellant, to the effect that the delivery of a deed does not necessarily require any formal act on the part of the grantor; that it is often a question of intention; that a deed may become operative while the manual possession is retained by the grantor. But in such cases, before the court can find a delivery, the intention to consummate the transaction so as to fully vest the title in the grantee must be clearly shown, and neither the findings of fact by the referee nor by the superior court, nor the evidence in the case, satisfies us that the grantor in the deed under consideration ever did anything with the intention that by doing it he had so delivered the deed as to make it presently operative."

What was lacking in the *Atwood* case, viz., the intention to consummate the transaction so as to fully vest the title in the grantee, was, in our opinion, clearly and unequivocally shown in this case. The will and deed were executed at the same

time and as a part of the same transaction. The real property was omitted from the will, no doubt advisedly, and all the surrounding circumstances show conclusively that the grantor intended to convey his real property to these minors, that the deed was executed for that purpose; and in our opinion the mere absence of an acknowledgment is not sufficient to defeat his expressed intentions.

Third. The respondents were not *bona fide* purchasers, as that term is understood in the law. The rule of *caveat emptor* applies in all its vigor to sales by administrators or executors in this state, and the purchaser acquires only the interest of the estate. *Towner v. Rodegeb*, 33 Wash. 153, 74 Pac. 50, 99 Am. St. 936, and cases cited.

We are therefore of opinion that the appellants have shown a clear title to the lands in controversy, as against the respondents, and the judgment of the court below is accordingly reversed, with directions to enter judgment as prayed in the complaint.

HADLEY, C. J., FULLERTON, and CROW, JJ., concur.

DUNBAR and ROOT, JJ., took no part.