[No. 13665.  *En Banc.*  July 25, 1917.]

OMA RHINES, *Appellant*, v. WILLIAM B. YOUNG, *as Administrator, et al., Respondents.*[1]

DEEDS—DELIVERY TO AGENT—INTENT—EFFECT.  The execution of a deed intended as a testamentary disposition, and delivery to an agent to be delivered to the grantee after the grantor's death, is not effectual as a conveyance, where the grantor understood that she retained control, and retook possession of the deed, since the delivery must be absolute and beyond recall.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered December 15, 1915, upon findings in favor of the defendants, in an action to quiet title, tried to the court.  Affirmed.

*B. W. Coiner*, for appellant.

*Herbert S. Griggs, Williamson, Williamson & Freeman,* and *Kelly & McMahon*, for respondents.

PARKER, J.—The plaintiff, Oma Rhines, seeks recovery of possession of certain real property in the city of Tacoma from the defendants William B. Young and others and also to be adjudged the owner thereof as against the claims of the defendants.  Trial in the superior court for Pierce county resulted in findings and judgment in favor of the defendants, from which the plaintiff has appealed to this court.

On November 19, 1909, Mrs. Anna Farrell, the grandmother of appellant, was the owner, in her own right as her separate property, of the real property here in question.  On that day she caused to be prepared by her attorney, Mr. C. M. Riddell, a deed absolute in form purporting to convey the property to appellant.  This deed was then signed and acknowledged by her and left with Mr. Riddell with instructions, as he claims to have understood her, to deliver it to appellant upon the death of Anna Farrell and when satisfac-

[1]Reported in 166 Pac. 642.

tory proof should be furnished him of her death. In November, 1912, Mrs. Farrell went to Mr. Riddell and procured the deed from him. He then voluntarily gave it to her. This was done under such circumstances as to strongly indicate that both of them regarded the deed as being at all times in his possession merely as her agent and at all times under her dominion and control without any right or duty on his part to hold the same for the exclusive benefit of appellant. Mr. Riddell thereafter became of the opinion that he had mistaken his duty in surrendering the deed to Mrs. Farrell. Reflecting upon the circumstances under which the deed was signed, acknowledged, and left with him as he remembered them, he became of the opinion that the deed had been delivered to him by Mrs. Farrell with intent on her part to surrender all dominion and control over it and with the view of then vesting title to the property in appellant, though it was not to be delivered by him to appellant until after the death of Mrs. Farrell. Neither the deed nor the property has ever been in the actual or constructive possession of appellant, Mrs. Farrell remaining in possession of both the deed and the property until the time of her death. Mr. Riddell has never been in any sense the agent or attorney for appellant unless he was irrevocably made such by receiving the deed from Mrs. Farrell under such circumstances that it can be held she then surrendered all dominion and control over it. Mrs. Farrell died intestate at Tacoma in March, 1913. Thereafter William B. Young, her son and heir, became the duly appointed and qualified administrator of her estate. Respondent Martha Young is the daughter and the only other heir of Mrs. Farrell, and the other respondents have acquired an interest in the property as grantees of William B. Young. The property has been, since the death of Mrs. Farrell, in the possession of William B. Young, subject to the interests of the other respondents. This action was commenced in May, 1914, resulting in denial of the relief prayed for by appellant as above noticed.

Mr. Riddell is the only witness who testified as to what was said and done by Mrs. Farrell at the time the deed was signed, acknowledged, and left with him by her. Indeed, he appears to be the only living witness of what then occurred, he being the notary before whom Mrs. Farrell acknowledged the deed and also the only witness to the deed signing as such. While the evidence seems to justify the belief that Mr. Riddell honestly believed that he had mistaken his duty in surrendering the deed to Mrs. Farrell during her lifetime and honestly became of the opinion that it was left with him by Mrs. Farrell with a view of then surrendering all dominion and control over it and having it delivered after her death to appellant, we feel constrained to conclude, as the trial judge did, that Mrs. Farrell did not intend to surrender dominion and control over the deed by leaving it with Mr. Riddell, but left it with him, as she believed, solely as her agent and with the right on her part of at all times exercising dominion and control over it. The testimony given upon the trial touching the question of Mrs. Farrell's intention at the time of leaving the deed with Mr. Riddell is quite voluminous and much of it in important particulars in serious conflict. A careful reading of the evidence, however, convinces us, as it did the trial judge, that Mrs. Farrell, at the time of signing and acknowledging the deed, and leaving it with Mr. Riddell and at all times thereafter, labored under the belief that she had, by its signing and acknowledgment, in effect made a testamentary disposition of her property and not an absolute conveyance thereof. We deem it unnecessary to review the evidence in detail here.

In view of our conclusion touching the question of fact as to the intent of Mrs. Farrell in leaving the deed with Mr. Riddell, the law of the case seems plain. No claim is here made that the signing and acknowledging of the deed and the leaving of it with Mr. Riddell by Mrs. Farrell constituted a valid testamentary disposition of the property therein described. Indeed, no such claim could be successfully made,

in view of the provisions of § 1320, Rem. Code, prescribing the manner of making wills in this state. It seems equally plain that the signing, acknowledging, and leaving with Mr. Riddell of the deed by Mrs. Farrell was not an effectual conveyance of the property, because of the fact that it was not delivered in the sense that Mrs. Farrell surrendered dominion and control over it. It seems to be well settled law that, while a deed may become effectual to divest an owner executing it of title to the property described therein, by delivering it to a third person to be delivered to the grantee after the death of the owner, such delivery by the owner to a third person must be such that it becomes absolute and beyond recall by the owner. Otherwise there is in law no delivery of the deed to render it effectual as such. The rule is stated in 8 R. C. L. 996, as follows:

"The rule sustained by the great weight of authority is that the grantor must not only deliver the deed to a third person for the benefit of the grantee ultimately, and in some way express his intention to that effect, but must also part both with the possession of the deed and with all dominion and control over it."

Our own decisions are in harmony with this rule. *Meikle v. Cloquet*, 44 Wash. 513, 87 Pac. 841; *Maxwell v. Harper*, 51 Wash. 351, 98 Pac. 756. See note to *Munro v. Bowles*, 54 L. R. A. 872. We deem it unnecessary to further discuss the law of the case. The real question here involved is, in its last analysis, one of fact, to wit, What was the intention of Mrs. Farrell in signing, acknowledging, and leaving the deed with Mr. Riddell?

The judgment is affirmed.

MOUNT, MAIN, HOLCOMB, FULLERTON, MORRIS, and CHADWICK, JJ., concur.

ELLIS, C. J., took no part.