[No. 15447. Department Two. December 2, 1919.]

S. C. WHITE, *Executor and Trustee, etc., Appellant,* v.
VIVIAN CHELLEW *et al., Respondents.*[1]

DEEDS—DELIVERY. Where a deed and will of the same property were made *in extremis* one day before the grantor's death, and it is evident no reservation was made, an immediate delivery of the deed was intended where the grantor stated they were all right and left them with the scrivener without directions as to delivery.

WILLS (1, 70-1)—ESTATES CREATED—CONDITIONS AND RESTRICTIONS—CONTESTING WILL. Where a deed to a devisee was made at the same time the will was executed, and the will recited that the property had been deeded to him, the grantee, to whom the deed was delivered at once, takes under the deed and not under the will, so that his estate is not defeated by a contest of the will, under the forfeiture clause in the will.

Appeal from a judgment of the superior court for Lewis county, Reynolds, J., entered April 25, 1919, dismissing an action to set aside a deed, tried to the court. Affirmed.

*W. W. Langhorne,* for appellant.

*O. J. Albers,* for respondents.

MOUNT, J.—This action was brought by the executor of the estate of Samuel Chellew, deceased, to set aside a deed made by the deceased in his lifetime to his brother, Vivian Chellew. Upon issues joined, the case was tried to the court without a jury, and resulted in a judgment dismissing the complaint. Plaintiff has appealed.

The record shows that the deceased, Samuel Chellew, on the 8th day of December, 1916, executed a deed of certain lots in the city of Centralia to his brother, respondent, Vivian Chellew. At the same time, Samuel

[1] Reported in 185 Pac. 621.

Chellew executed a will which recited, among other things:

"I give and bequeath unto Vivian Chellew my brother the house and lots in Centralia, Washington, which I also have made a deed to the same to him."

The will also provided:

"that any legatee contesting or attempting to contest this my last will and testament be cut off and shall receive and be entitled to one dollar only."

This will and the deed were drawn by S. C. White, who was designated as the executor of the will. At the time the deed and will were executed, Samuel Chellew had been informed that he was *in extremis* and could live but a short time. Mr. White, the executor, testified in substance that no directions whatever were given with reference to the delivery of the deed; that Samuel Chellew, during the afternoon when the deed and will were made, looked them over while they were lying on the table and stated that they were all right. Upon the next day Samuel Chellew died. Immediately after his death, Mr. White, the executor, delivered the deed to respondent, Vivian Chellew. Mr. Chellew received the deed, had it recorded, took possession and control of the property, sold a part thereof, and thereafter joined with his sister, who, besides himself, was the only relative of the deceased, and filed a contest of the will upon the ground that it was procured by undue influence. That contest was never brought to trial, but was voluntarily dismissed. Thereafter, when respondent had retained possession of the property for about two years, this action was brought by appellant, with the result we have stated.

We think there are but two questions in the case: First, did the grantor in the deed intend an immediate

delivery? and second, did respondent hold under the deed or under the will?

We have had occasion in several cases to determine when a deed becomes effective. In the case of *Matson v. Johnson,* 48 Wash. 256, 93 Pac. 324, 125 Am. St. 924, where a deed was executed a few days before the death of the grantor, where the grantor had called in a neighbor to prepare a deed and will in order that they might be executed, and where the deed was signed by the grantor in the presence of two witnesses, but not acknowledged, we held that an unacknowledged deed was good between the parties and that such instrument conveyed an equitable title. In that case we said, quoting from 1 Devlin, Deeds (2d ed.), § 269:

" 'Actual manual delivery and change of possession are not required in order to constitute an effectual delivery. But whether there has been a valid delivery or not must be decided by determining what was the intention of the grantor, and by regarding the particular circumstances of the case. Where a father had indicated in various ways that certain property should be bestowed at his death upon his infant son, and for that purpose had executed a deed, of which he, however, retained the possession, effect was given to his intention, despite the fact that there had been no manual delivery of the deed.' "

And in the case of *Maxwell v. Harper,* 51 Wash. 351, 98 Pac. 756, which was a case quite similar to the one at bar, we said:

"The question of the delivery or nondelivery of a deed is one that must be governed by the intent of the grantor. *Matson v. Johnson,* 48 Wash. 256, 93 Pac. 324. Such intent must be gathered from the terms of the deed itself, if it can be consistently done. If the language used is susceptible of more than one construction, that one must be adopted which militates most strongly against the interests of the grantor. . . .

"A grantor's deposit of his deed with a third party, to be held by such third party until the grantor's death and then delivered to the grantee therein named, the grantor reserving no dominion or control over the deed during his lifetime, constitutes a valid delivery and vests an immediate estate in the grantee, subject to a life estate in the grantor." [Citing a number of cases.]

In the case of *Showalter v. Spangle,* 93 Wash. 326, 160 Pac. 1042, we said:

"It is essential to the delivery of a deed that there be a giving by the grantor and a receiving by the grantee with a mutual intention to pass a present title from the one to the other. It may be made through the hands of an agent and it may be accepted through the hands of an agent, but there must be a mutual intention presently to pass the title. This mutual intention is the cardinal requisite." [Citing a number of cases.]

There is nothing in the record before us to show that Samuel Chellew, at the time he executed this deed, intended to reserve any interest in the property. According to Mr. White, who drew the deed and the will, the grantor made no reservation. This deed and will were made on the 8th day of December, 1916. Upon the next day the grantor died, and upon the day following, or shortly thereafter, Mr. White, who drew the deed and the will and having the same in his possession, delivered the deed to Vivian Chellew and stated to him that the property was his and that he should look after it, or words to that effect; thus indicating that Mr. White understood, at least from the conduct of the grantor, that the grantor intended an immediate delivery of the deed. We think there can be no escape from the conclusion, under the authorities above cited, that the deed became immediately effective and conveyed the present title to Vivian Chellew.

Upon the question whether respondent held under the deed or under the will, we think it is equally plain that he took and held under the deed. The deed was delivered before the will was admitted to probate. In fact, at the time the deed was handed to respondent by Mr. White, the executor of the estate, who drew the. will and deed, respondent did not know the contents of the will. He asked the executor what the will provided and the executor did not tell him, but stated that he could get a copy of the will when it was probated. In the case of *Zimmerman v. Hafer,* 81 Md. 347, 32 Atl. 316, where Zimmerman had received a deed to real property, which deed was set aside on the ground of undue influence, and he then sought to hold the property under a will, where there was a recital in the will that the property had been deeded to him, the court said:

"If the deed had been sustained, Zimmerman would have held title under it and not under the will. Clearly he could not have held the same estate under both the deed and the will at the same time. If the deed had prevailed he would then have held under it, and it only, because it would then have conveyed the grantor's entire interest to the grantee, being ostensibly a deed in fee-simple. If it had effectively conveyed a fee, then it would have divested the grantor's whole interest in the property, and having been executed prior to the will, there would have been no estate left in the grantor for the will to operate upon."

We think it follows, therefore, that the estate was derived by respondent from the deed and not from the will; and the fact that respondent attempted to contest the will did not defeat his estate under the deed.

Appellant makes some contention here that the trial court erred in denying a motion for a new trial. What we have said above upon the merits of the case shows

that the court did not err in refusing to grant a new trial.

The judgment appealed from is therefore affirmed.

HOLCOMB, C. J., TOLMAN, BRIDGES, and FULLERTON, JJ., concur.