[No. 53703-8. En Banc. January 28, 1988.]

*In the Matter of the Estate of*
MARY O'BRIEN.

SUSAN FORTNER, *as Personal Representative, Respondent,*
v. RAYMOND S. ROBINSON, SR., ET AL,
*Petitioners.*

914

*Edward C. Beeksma, Alan R. Hancock,* and *Zylstra, Beeksma, Waller & Skinner,* for petitioners.

*Bailey, Duskin & Jarvill,* by *Steven J. Peiffle,* for respondent.

BRACHTENBACH, J.—The issue is whether RCW 11.02.090 validates two deeds when the trial court found that the grantor "made no delivery of the deeds prior to her death in the sense that she did not intend an immediate transfer of the property but was intending to have a testamentary disposition take effect only at her death." As a result of that finding, the trial court held that the deeds did not vest title during grantor's life nor did they satisfy the formalities of execution required by the wills statute, RCW 11.12-.020; thus, the deeds were ineffective.

This case arises from the execution of two quitclaim deeds by Mary O'Brien, a widow, to her then only surviving child, defendant Peaches Robinson. Mrs. O'Brien's other child died a month before she executed the deeds. The deceased daughter was survived by three children, one of whom is the plaintiff, as personal representative of the estate of the intestate widow O'Brien.

The personal representative sued Peaches Robinson, the grantee named in the deeds, to quiet title to the lands described in the deeds. Her complaint alleged (1) failure of delivery of the deeds and the grantor's lack of intent to make a present gift and (2) the grantor's failure to comply with the statutory formalities of execution for a testamentary disposition.

The defendant–grantee answered by alleging (1) that the deeds were valid conveyances and (2) that RCW 11.02.090 applied; she sought a declaratory judgment that she is the owner of the real property.

The deeds to the defendant–grantee were executed a month after the death of the grantor's only other adult child. They were absolute on their face. They were placed in a safety deposit box which was in the joint names of the grantor–decedent and the grantee, with equal access by both. When the joint safety deposit box was closed in December 1982, the grantee took possession of the deeds in question, as well as a deed of another parcel of property which conveyed that property to Mrs. O'Brien's brothers. The latter deed has been honored by the heirs and is not at

issue. Peaches Robinson testified that she had possession of the originals of the two deeds at issue continuously from December 1982 until they were recorded April 29, 1983.

On April 23, 1983 Mrs. O'Brien suffered a stroke. She died in July 1983. From the time she executed the deeds until her death, Mrs. O'Brien retained possession and control of the two parcels of real property.

The trial court recognized a presumption of delivery arising from the grantee's possession of the deeds, but found the presumption overcome by clear and convincing evidence. The deadman's statute prevented any testimony as to the intent or understanding of the decedent at the time the grantee obtained possession of the deeds. Two longtime friends of Mrs. O'Brien testified that Mrs. O'Brien told them she had deeded the properties to her daughter Peaches, although one, on cross examination, expressed the legal conclusion that she thought Mrs. O'Brien still owned the property until she died.

In its oral opinion the trial court commented that it was clear "and really can't be disputed" that it was Mrs. O'Brien's intent to leave the real property to her daughter upon her death, but that he could not find a present intent to pass title at the time of execution of the deeds. Thus, the trial court concluded that (1) the deeds failed as conveyances and (2) failed as testamentary instruments because they were not executed in compliance with the wills statute, RCW 11.12.020. Neither the oral opinion nor the findings of fact and conclusions of law mention RCW 11.02.090.

On appeal to the Court of Appeals, the defendant–grantee asserted two grounds for reversal. First, she attacked the findings and conclusions of no delivery of the deeds and, second, she argued application of RCW 11.02-.090. The Court of Appeals affirmed. *In re Estate of O'Brien,* 46 Wn. App. 860, 733 P.2d 235 (1987). In petitioning for review, defendant–grantee limited the issue to the construction and effect of RCW 11.02.090. We reverse.

RCW 11.02.090(1) and (2) are identical to § 6–201 of the Uniform Probate Code except that the statute's scope was

expanded to include joint tenancy and community property agreements. We note that a former Justice of this court, Charles Horowitz, was the cochairperson of the Special Committee on Uniform Probate Code of the National Conference of Commissioners on Uniform State Laws.

RCW 11.02.090 provides in part:

(1) Any of the following provisions in [a] . . . conveyance . . . is deemed to be nontestamentary . . .:

. . .

(c) that any property which is the subject of the instrument shall pass to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently.

For our purposes the statute means that a provision (the words of conveyance here) in a conveyance (the deeds here) by which any property (the real estate here) which is the subject of the instrument (the deeds here) shall pass to a person (the defendant–grantee here) designated by the decedent (Mrs. O'Brien) is nontestamentary.

The respondent's principal argument, which was adopted by the Court of Appeals, involves interpretation of the language of RCW 11.02.090. We therefore must examine more closely the structure of the statute. In (1)(a), (b) and (c) the statute describes certain provisions which will be nontestamentary when contained in certain types of instruments. Subsection (1) of the statute states that any of those provisions in (1) an insurance policy, (2)–(10) (2–10 describe other written instruments), (11) a conveyance, or (12) "any other written instrument *effective as a* contract, gift, *conveyance,* or trust is deemed to be nontestamentary". (Italics ours.)

It is urged and the Court of Appeals held that the word conveyance is modified by subsequent language so that it must be *effective as a conveyance* before the statute applies. Such an interpretation renders the statute meaningless in this context. If an instrument were effective as a conveyance it, by definition, would have passed a present

title during the decedent's lifetime. Therefore, there would be no need to validate the instrument as nontestamentary. If proof of delivery of these deeds had been made, the facts here would indicate a valid inter vivos passage of a future interest with the grantor retaining a lifetime interest. *Severson v. First Baptist Church,* 34 Wn.2d 297, 316, 208 P.2d 616 (1949). Stated differently, RCW 11.02.090 cannot operate upon a conveyance which is effective as a conveyance because its operation as a conveyance would in and of itself make it nontestamentary.

■■ We are to construe a statute in such a manner as to avoid rendering meaningless a word or portion thereof. *Nisqually Delta Ass'n v. DuPont,* 95 Wn.2d 563, 627 P.2d 956 (1981). We conclude that a correct construction of the statute is that subsection (1) lists 12 types of instruments to which it may apply with the 12th and separate category being "any other written instrument effective as a contract, gift, conveyance, or trust", *i.e.,* if a written instrument is effective to accomplish one of the specified consequences, it need not be categorized as one of the 11 preceding instruments.

In construing the statute and its effect given the facts of this case, we must not only consider whether these particular deeds are within the scope of the statute, we must also deal with the well established common law rule that legal "delivery" is necessary for a deed to be operative. Delivery is a legal concept. It is an expression rooted in a symbolical manual transfer, analogous to livery of seisin. 4 H. Tiffany, *Real Property* § 1033 (3d ed. 1975). The rule has evolved into a determination of the intention of the grantor. Determining the intention of the grantor has led to an examination of the facts and circumstances of the particular transaction. *Atwood v. Atwood,* 15 Wash. 285, 46 P. 240 (1896); *Matson v. Johnson,* 48 Wash. 256, 93 P. 324 (1908); *In re Estate of Cunningham,* 19 Wn.2d 589, 143 P.2d 852 (1943); *Holohan v. Melville,* 41 Wn.2d 380, 249 P.2d 777 (1952). H. Tiffany, *supra,* § 1034.

■ In requiring "delivery" in the technical, legal sense,

the courts have in fact been attempting to ascertain and effectuate the intent of the grantor. To insist, in this case, upon a strict compliance with a fictional legal delivery requirement would thwart the unchallenged intent of the grantor. We would be holding that the deeds, voluntarily signed by the decedent who intended to pass the property to her only surviving child upon her death, were not "conveyances" so they fail as deeds. Since they fail as deeds and were intended to take effect at death, they are testamentary instruments which do not comply with the wills statute. This analysis would compel us to ignore the grantor's intent, and the result would be terribly illogical when the very purpose of determining delivery is to ascertain and carry out the intent of the grantor. In its oral opinion the trial court felt compelled to comment that it "really can't be disputed" that it was the decedent's intent to pass the real property to her only surviving daughter.

We hold (1) that when it is determined that the proved intent of the grantor was to pass title upon his or her death, the legal requirement of "delivery" is satisfied, and (2) that RCW 11.02.090 removes the conveyance from the requirements of the statute relating to execution of wills, RCW 11.12.020. Our result satisfies the policy underlying the legal delivery requirement. This fact, coupled with the philosophy expressed in RCW 11.02.090, leads to a just result which implements rather than frustrates the intent of the decedent. We note that the Uniform Probate Code § 1–102(b)(2), 8 U.L.A. 24 (1983) states that one of its purposes and policies is "to discover and make effective the intent of a decedent in distribution of his [her] property".

The Court of Appeals and the trial court are reversed and this matter is remanded to the trial court for further proceedings consistent with this opinion.

PEARSON, C.J., and UTTER, DOLLIVER, ANDERSEN, GOODLOE, and DURHAM, JJ., concur.

DORE, J. (dissenting)—The majority holds that two deeds

are effective to pass property at death even though the deeds were neither valid inter vivos conveyances nor valid testamentary dispositions of property. In so holding, the majority radically alters the long–standing requirements for the effective conveyance of property by deed and misconstrues the nature and purpose of RCW 11.02.090. I dissent.

## ANALYSIS

Mary O'Brien attempted to use two deeds to make a testamentary disposition of her Seattle and Camano properties to her daughter, Peaches Robinson. In Washington, a deed can operate as a "will substitute" in that a grantor by deed can retain a life estate in property with a future interest passing to the grantee upon the death of the grantor. *See, e.g., Severson v. First Baptist Church,* 34 Wn.2d 297, 208 P.2d 616 (1949); *In re Estate of Kirkpatrick,* 140 Wash. 452, 249 P. 980 (1926). A deed, in order to be valid, must be delivered by the grantor to the grantee. *Juel v. Doll,* 51 Wn.2d 435, 436–37, 319 P.2d 543 (1957); *see* 2 Washington State Bar Ass'n, *Real Property Deskbook* §§ 30.11–.21 (2d ed. 1986). To constitute a delivery "it must be clearly apparent that the grantor intended that the deed should presently pass title." *Juel,* at 437.

The trial court found that O'Brien "retained control, possession and use of the propert[ies] and up to the date of her death made no delivery of the propert[ies] or [of] the deed[s]." Clerk's Papers, at 8, 10. The trial court concluded that O'Brien made no delivery in the sense that "she did not intend an immediate transfer of the property but was intending to have a testamentary disposition take effect only at her death . . ." Clerk's Papers, at 11, 13.

The parties in their petition for review and answer do not challenge the trial court's findings that the deeds were not delivered. Rather than accept these findings as verities, as the court is mandated to do (*Pier 67, Inc. v. King Cy.,* 71 Wn.2d 92, 94, 426 P.2d 610 (1967)), the majority does the reverse, and holds that the legal requirements of delivery have been satisfied. The majority reaches the incongruous

conclusion that a *present* intent to transfer property can be found upon proof of a *future* intent to transfer upon the grantor's death. Majority, at 919.

The majority's analysis fails to perceive the distinction between inter vivos and testamentary dispositions of property. By failing to perceive this distinction, the majority has *altered* the rule that an undelivered deed cannot convey an interest in property. I would hold, based on the undisputed facts, that Mary O'Brien failed to execute valid deeds conveying her property to Robinson as there was *no delivery* of the deeds.

The majority's conclusion that the deeds meet the legal requirements of delivery should have ended the matter as a valid deed is effective to pass an interest in property at death. The majority, however, goes on to hold that these undelivered deeds effectively passed title to Robinson by operation of RCW 11.02.090. The statute provides in relevant part:

> (1) Any of the following provisions in an insurance policy, contract of employment, bond, mortgage, promissory note, deposit agreement, pension plan, joint tenancy, community property agreement, trust agreement, *conveyance, or any other written instrument effective as a contract, gift, conveyance,* or trust is deemed to be nontestamentary, and this title [RCW Title 11] does not invalidate the instrument or any provision:
>
> . . .
>
> (c) that any property which is the subject of the instrument shall pass to a person designated by the decedent in either the instrument or a separate writing, including a will, executed at the same time as the instrument or subsequently.

(Italics mine.)

The majority reaches the obvious conclusion that the word "conveyance" is not modified by the subsequent language "effective as a conveyance". Majority, at 918. The majority's statutory construction analysis misses the mark. The question still remains as to whether RCW 11.02.090 is intended to validate an otherwise invalid conveyance.

The statute was adopted almost verbatim from section 6–201 of the Uniform Probate Code. Section 6–201 "authorizes a variety of contractual arrangements which have in the past been treated as testamentary. . . . The sole purpose of this section is to eliminate the testamentary characterization from the arrangements falling within the terms of the section." Uniform Probate Code § 6–201, 8 U.L.A. 534, comment, at 534–35 (1983). RCW 11.02.090, like section 6–201, characterize as nontestamentary certain provisions in written instruments that call for the transfer of property at death. By characterizing these provisions as nontestamentary, they are immune from invalidation due to noncompliance with the statute of wills, RCW 11.12.020.

I find nothing in RCW 11.02.090 indicating that the Legislature intended to eliminate the legal requirements governing a valid inter vivos conveyance by deed. The statute is intended to validate an instrument against testamentary attack only where the instrument has been made in the manner usual to the type of transaction involved. The rule applicable here is that enunciated by Professors Reutlinger and Oltman: "The statute [RCW 11.02.090] does not validate an otherwise–ineffective agreement, but operates only to prevent 'testamentary' invalidation of an instrument . . ." M. Reutlinger & W. Oltman, *Wills and Intestate Succession* 352 (1985); *accord, First Nat'l Bank v. Bloom,* 264 N.W.2d 208 (N.D. 1978).

O'Brien's purported transfers of her property did not fail because they did not comply with the requirements of the statute of wills. The deeds failed because they were *undelivered* and had no independent legal effect. As the deeds were never valid inter vivos conveyances, they did not come within the scope of RCW 11.02.090.

Holding that the deeds were not effective to pass an interest at death does not render a portion of RCW 11.02-.090 meaningless as the majority contends. Professor Richard V. Wellman, formerly chief reporter for the Uniform Probate Code, wrote that section 6–201 "might prove to be a very important provision of the Code. On the other hand,

it could be viewed as adding nothing to existing case law." Wellman, *The Uniform Probate Code: Blueprint for Reform in the 70's*, 2 Conn. L. Rev. 453, 484 (1970). In the context of a conveyance of an interest in land at death, RCW 11.02.090 added nothing to existing Washington law.

The Legislature enacted RCW 11.02.090 to eliminate the uncertainty and litigation that often arose when various commonly used inter vivos agreements contained provisions that were intended to have effect at death. M. Reutlinger & W. Oltman, at 352; *see* Uniform Probate Code § 6–201, comment. The statute does not itself validate any such instrument.

CONCLUSION

The unchallenged facts are that the deeds were not delivered during O'Brien's lifetime and therefore they were not valid inter vivos conveyances. As the conveyances were never valid, they did not come within the scope of RCW 11.02.090.

I would affirm the holding of the trial court and the Court of Appeals divesting Peaches Robinson of title and vesting title to such property in the estate of Mary O'Brien.

SWEDBERG, J. Pro Tem., concurs with DORE, J.

Reconsideration denied April 7, 1988.