[No. 16614-7-III.    Division Three.    December 15, 1998.]

*In the Matter of the Trustee's Sale of the Real Property of* MICHAEL E. SMITH.

BANK OF PULLMAN, *Appellant,* v. DOUGLAS SHURTLEFF, ET AL., *Respondents.*

*Howard K. Michaelsen*, for appellant.
*Robert J. McKanna*, for respondents.

BROWN, J. — Douglas and Linda Shurtleff and the Bank of Pullman dispute their priorities to the surplus proceeds of a foreclosure sale of Michael Smith's real property in Spokane County. The primary issue is whether the trial court erred when it decided the Shurtleffs were bona fide purchasers for value with priority over the Bank. Because we decide the Bank had both actual and constructive notice of the Shurtleffs' delivered security interest, we agree with the trial court and affirm.

## FACTS

On June 5, 1992, the Bank loaned Michael E. Smith $35,000 in exchange for a mortgage to Mr. Smith's Spokane County property referred to in the record as the North Property. The Bank did not immediately record its mortgage. The Bank explained that this apparent lapse was due to Mr. Smith's IRS and bankruptcy problems near the time of the loan. In 1989, the Bank had loaned money to Mr. Smith, taking back a deed of trust on the North Property and recording its interest to become second priority to the purchase money mortgage on the North Property.

In January 1993, the Shurtleffs, through an intermediary, loaned Mr. Smith $22,400 in exchange for a promissory note. The note stated in part: "This note shall be collateralize[d] by the (North) property . . . ." The court further found "[t]hat same day, January 18, 1993, Smith signed a statutory warranty deed on the North Property to Shurtleff." Mr. Smith delivered the deed to the intermediary who held the deed to secure the loan. Prior to completing the loan, the Shurtleffs checked the courthouse records which revealed no encumbrances other than the purchase money mortgage and the Bank's 1989 deed of trust.

Apparently unknown to the Shurtleffs or Mr. Smith, the intermediary deposited the loan proceeds into Mr. Smith's account where the intermediary had authorized access and later, without permission from Mr. Smith, drew out a sum at least equaling the loan proceeds for his own interests. At

some point, without the Shurtleffs' knowledge, when Mr. Smith discovered that he did not get the beneficial use of the Shurtleffs' loan, he demanded and received back from the intermediary the original warranty deed for the North Property. Mr. Smith marked the deed "void" and gave it to the Bank. When they did not receive a payment on the note, the Shurtleffs asked for intermediary assistance.

Although the parties have stipulated to the intermediary's dishonesty, the record is somewhat obscure on his role thereafter because he died before trial, and the trial court limited evidence regarding transactions with him by virtue of the Deadman's Statute. In any event, the trial court found "[t]o settle the debt, Shurtleff accepted the North Property as payment in full." Somehow the intermediary managed to get a copy of the North Property deed filed of record on August 3, 1994. The auditor returned the filed copy to Mr. Smith. Additionally, the Shurtleffs, by letter, returned the original note to Mr. Smith marked "paid in full" and informed Mr. Smith "[a]lso a copy of the Statutory Warranty Deed signed and notarized by you on January 18, 1993 and was filed August 3, 1994." Mr. Smith did not object or do anything in response to receiving the canceled note or recorded deed. Subsequently, on October 5, 1994, the Bank recorded its mortgage on the North Property.

The record indicates that the Shurtleffs paid certain obligations to protect their perceived interest in the property before the Bank recorded its mortgage. However, when Mr. Smith failed to pay his obligation to the first lien holder on the North Property, the obligation was foreclosed and the purchaser at sale bid and paid an excess amount to acquire the property. The excess paid into the registry of court is the focus of the parties' dispute. The Shurtleffs concede the priority of the Bank's earlier filed deed of trust, but assert priority over the later filed mortgage. The Bank argued that because only a copy of the warranty deed was filed, not conforming to legal requirements, its priority precedes that of the Shurtleffs. Also, the Bank argued that

deed was not properly delivered and that it could not be considered merely irregular for purposes of RCW 65.08.030.

The trial court concluded the deed between Mr. Smith and the Shurtleffs was properly delivered and the recorded copy of the deed imparted notice to the Bank. The trial court concluded the Shurtleffs acquired the status of "bona fide purchasers for value, who acted in good faith without either actual or constructive notice that the Bank of Pullman had any claim to the real property other than the Deed of Trust . . . ." Further, the court concluded that whether the deed was irregular or not, it imparted constructive notice of the Shurtleffs' interest to the Bank. The Shurtleffs were given priority to the surplus funds. The Bank has appealed.

## ANALYSIS

■■ The issue is whether the trial court erred when it concluded that the Shurtleffs had priority over the Bank as bona fide purchasers for value. Although the Bank generally assigned error to the trial court's "finding" that filing an uncertified photocopy of a warranty deed gave the Shurtleffs a legal interest in the real property in question, the "finding" is in reality a conclusion. We will treat it accordingly. *See Willener v. Sweeting*, 107 Wn.2d 388, 394, 730 P.2d 45 (1986) ("A conclusion of law erroneously described as a finding of fact is reviewed as a conclusion of law."). The Bank, perhaps recognizing this distinction, has assigned no specific error to the trial court's written findings. Thus, they become verities on appeal. *State v. Allert*, 117 Wn.2d 156, 168, 815 P.2d 752 (1991).

■ The Bank contends that the trial court mistakenly applied the bona fide purchaser doctrine. We disagree. The court found that the Shurtleffs had no actual or constructive notice of the Bank's mortgage when they made their loan on the strength of the warranty deed as security. The record supports this factual determination. The Shurtleffs made actual inquiry and did not find the Bank's mortgage of record when they made a collateralized loan. The bona

fide purchaser doctrine provides that "a good faith purchaser for value, who is without actual or constructive notice of another's interest in the property purchased, has the superior interest in the property." *Tomlinson v. Clarke*, 118 Wn.2d 498, 500, 825 P.2d 706 (1992).

■ On the other hand, before the Bank filed its mortgage it acquired actual knowledge of the Shurtleffs' interest when Mr. Smith delivered the original deed to the Bank even though marked void by Mr. Smith. At the very worst this constituted inquiry notice. Further, the Bank was actually aware of the Shurtleffs' interest when it viewed the recorded copy of the warranty deed. Both events took place before the Bank filed its mortgage. Further, the Bank had the burden of proving actual or constructive notice by the Shurtleffs of the Bank's mortgage. *Kendrick v. Davis*, 75 Wn.2d 456, 463, 452 P.2d 222 (1969). And, if the Bank fails in this burden, as the trial court found, then RCW 65.08.070 operates to preclude the Bank's claim of priority against the Shurtleffs. As pointed out above, the record supports the trial court's decision, thus, the Bank failed in meeting its burden of proof.

■ ■ The Bank, however, contends Mr. Smith's deed was not properly delivered to the Shurtleffs. We recognize a deed must be delivered to effectively pass title. *Clearwater v. Skyline Constr. Co.*, 67 Wn. App. 305, 318, 835 P.2d 257 (1992), *review denied*, 121 Wn.2d 1005 (1993). However, "Delivery is a legal concept. It is an expression rooted in a symbolical manual transfer, analogous to livery of seisin." *Estate of O'Brien v. Robinson*, 109 Wn.2d 913, 918, 749 P.2d 154, 81 A.L.R.4TH 1111 (1988) (citing 4 HERBERT T. TIFFANY, REAL PROPERTY § 1033 (3d ed. 1975)). The delivery requirement has evolved into a determination of the intention of the grantor. *Id.* Intention is based on the facts and circumstances of the transaction. *Id.*

The record amply supports proof of Mr. Smith's intent. Mr. Smith does not dispute that the intermediary was acting in his behalf when securing the Shurtleff loan. Mr. Smith gave the original deed to the intermediary who acted

in his behalf with the Shurtleffs and gave a copy of the deed to them as evidence of this intent. Both Mr. Smith and the Shurtleffs were aware of the intermediary's role in the transaction and neither objected at the time of the critical events. *See Anderson Buick Co. v. Cook*, 7 Wn.2d 632, 110 P.2d 857 (1941). We conclude the record supports a finding that the intermediary acted on the instructions of Mr. Smith to accomplish his intent. Accordingly, the record supports a finding of Mr. Smith's intent to create a security instrument with delivery to the intermediary being accomplished in furtherance of the Shurtleffs' interest in being secured, and Mr. Smith's interest in securing the loan that he authorized the intermediary to make in his behalf.

Moreover, the trial court's finding that Mr. Smith signed both a promissory note collateralizing the North Property and a statutory warranty deed in favor of the Shurtleffs is further proof of Mr. Smith's intent to deliver the deed if he could not satisfy the note. Additionally, Mr. Smith's failure to object to the recording of the deed may infer his intent to deliver the deed. Accordingly, the findings support the trial court's conclusion that the deed was properly delivered to the Shurtleffs.

■ Finally, the Bank contends the trial court erred concluding the recorded deed was irregular under RCW 65.08.030. However, the trial court merely observed that "[e]ven if it is assumed that the recorded deed was irregular, RCW 65.08.030 nonetheless provides that a recorded irregular deed imparts notice." The observation does not change our analysis. Instead, it is consistent with the facts and our conclusion that the Bank had actual notice of the Shurtleffs' interest prior to recording its mortgage. Any constructive notice was cumulative to the actual notice under these facts. Nevertheless, documents which are not properly executed and acknowledged "impart the same notice to third persons, from the date of recording, as if the instrument had been executed, acknowledged, and recorded, in accordance with the laws regulating the execution, acknowledgment, and recording of the instrument then in force." RCW 65.08.030.

Although RCW 65.08.030 does not mention copies of the instrument, it acknowledges that imperfect instruments do get of record. RCW 65.08.030 serves to prevent hardships that would be bound to occur absent constructive notice. In any event, the Bank actually discovered the Shurtleffs' interest before filing its mortgage thus, constructive notice is cumulative. To allow the Bank to have priority merely because a copy was filed instead of the original when it additionally had actual notice, would cause the Shurtleffs an unfair hardship.

## CONCLUSION

The trial court correctly ruled that the Shurtleffs had priority before the Bank's mortgage because the Bank had both actual and constructive notice of the Shurtleffs' earlier filed interest before the Bank recorded its mortgage. Additionally, the Shurtleffs became bona fide purchasers for value under the facts of this case because the Shurtleffs acquired their interest in the property in reliance on a record that did not show the Bank's prior mortgage. The delivery requirement is fulfilled by Mr. Smith, giving the warranty deed to the intermediary with the intent to have it delivered to the lender in the event of nonpayment of the loan. The trial court's conclusion that a recorded deed, whether irregular or not, imparts notice is cumulative to the receipt of previous actual notice by the Bank.

Affirmed.

KURTZ, A.C.J., and SWEENEY, J., concur.

Review denied at 137 Wn.2d 1033 (1999).