[No. 1304.  Decided December 14, 1894.]

### Mary A. Carson, *Respondent*, v. William Thompson et al., *Appellants.*

DEEDS—WITNESSES—REGISTRATION—DEFECTIVE ACKNOWLEDG-
MENT—EFFECT OF CURATIVE ACTS.

Under a statute requiring two witnesses to a deed to land, there must be two witnesses to the signature of each of the parties executing the deed.

A deed to real property sufficiently executed by a wife, acknowledged before a proper officer and witnessed by two witnesses, which is defective in having but one witness to the husband's signature, is, nevertheless, entitled to record, although in fact a deed to community property instead of the wife's separate realty, and, being of record, is constructive notice to subsequent purchasers of the grantee's equities therein.

Although at the time of the execution and record of a deed the

acknowledgment was invalid for want of authority in the officer before whom it was taken, yet, where under a subsequent curative act such acknowledgments are validated in all cases where the rights of third parties have not intervened, the record of the instrument, which was improper at the time, becomes thereby cured, and is full constructive notice to all subsequent purchasers.

From a consideration of the curative acts passed from time to time in this state relating to defective acknowledgments, it appears that it is the settled policy of the law not to render conveyances in good faith signed by the grantors ineffectual in consequence of an informality or defect as to proof of their execution either in the matter of acknowledgment or of attesting witnesses.

*Appeal from Superior Court, Pierce County.*

*John P. Judson,* for appellant.

*Charles W. Seymour (Stevens & Tillinghast,* of counsel), for respondent.

The opinion of the court was delivered by

SCOTT, J.—The lands in controversy in this case were originally owned by the plaintiff and her husband, Isaac Carson. A certain purported deed of said lands was executed by them to George M. Carson, and he subsequently conveyed the premises to the plaintiff. The defendant Thompson claims title to said land as a purchaser at an execution sale upon a judgment against said Isaac Carson, and the rights of the other defendants are dependent thereon.

The only point necessary to pass upon is as to the validity of the said deed from the plaintiff and her husband to George M. Carson, as affecting the defendants. This deed is attacked because there is but one witness to the signature of Isaac Carson. It appears that it was executed by him in this state, then territory, and by the plaintiff in Oregon. It is also attacked on the ground that the acknowledgment of the plaintiff was taken before the clerk of the circuit court of Lane county, Oregon, and it is insisted that such officer had no authority to take the acknowledgment. The law then in force provided that deeds should be in writing,

signed and sealed by the party bound thereby, and witnessed by two witnesses, etc. Laws 1863, p. 430 ; Abbott's Real Prop. Stat., p. 269. And that deeds of lands situated in this territory could be acknowledged in any state or territory of the United States, before any judge of a court of record, notary public, justice of the peace, or before any commissioner appointed by the governor ; and that where the acknowledgment was not taken before a commissioner appointed by the governor the deed must have attached a certificate of the clerk or proper certifying officer of a court of record that the person whose name is subscribed to the certificate of acknowledgment was at the date thereof such officer, and that the signature is genuine. Laws 1866-7, p. 93 ; Abbott's Real Prop. Stat., p. 273. The deed in question was executed by Isaac Carson January 20, 1873, and by the plaintiff on the 25th day of said month, and it was recorded on the 14th day of February following.

In November of said year, the territorial legislature passed an act the sixth section of which reads as follows :

" Deeds or conveyances of land or of any estate or interest therein situated in this territory, may be executed or acknowledged in any other state or territory of the United States in the form prescribed for executing and acknowledging deeds within this territory, and the execution thereof may be acknowledged before any person authorized to take acknowledgments of deeds by the laws of the state or territory wherein the acknowledgment is taken, or before any commissioner appointed by the governor of this territory for such purpose." Laws 1873, p. 466 ; Abbott's Real Prop. Stat., p. 275.

The clerk aforesaid was an officer authorized to take acknowledgments under the laws of the state of Oregon at that time. Sec. 8 of the act last referred to provided that, "all deeds heretofore acknowledged according to the provisions of this act, are hereby declared legal, except in cases where third parties have subsequently acquired a valid interest in the land."

It does not appear that the defendants had any actual knowledge of the deed in question at the time their claimed

rights accrued, and it is urged that in consequence of the defects in the attestation of its execution it was not entitled to record, and consequently, that they cannot be held to have had constructive notice thereof although it was in fact recorded.   The respondent insists that the statute with regard to subscribing witnesses was sufficiently complied with, as such statute only required the deed to be witnessed by two witnesses, and there were three to this instrument; and that the defective acknowledgment was thereafter cured by the act aforesaid of the legislature, which was passed before the defendants acquired any rights in the premises.   It appears, however, upon the face of the deed that there was but one witness to the signature of Isaac Carson, and two to the signature of the plaintiff.   We are of the opinion that the contention of appellants cannot be maintained upon the ground stated, for the clear intent of the act was that there should be two witnesses to the signature of each person conveying title, otherwise if such a deed could be sustained where there was but one witness to the signature of one of the grantors, it could as well be sustained if there were none, providing there were two witnesses to the signature of the other grantor.

But, as between the parties, the deed in question at the time it was executed was sufficient at least to pass the equitable title to the grantee.   *Edson v. Knox*, 8 Wash. 643 (36 Pac. 698.)   And the question to be determined is, was the deed entitled to record?   If so, it was constructive notice to the defendants of the rights of the grantee in the premises.

In some of the states it has been held that a deed without witnesses is sufficient to pass the legal title between the parties, and also that a deed defectively executed or unacknowledged is, if actually recorded, sufficient notice of equities created thereby, and in some states it is held that such a deed is entitled to record.   1 Devlin, Deeds, §§ 256, 661, 662.

It is possible, however, that in the states referred to the provisions of the statutes relating to instruments entitled to record were more liberal than our own statutory provisions

in force at the time, and there may be some doubt as to whether this deed was legally sufficient as to the attestation of the execution of it by Isaac Carson to entitle it to record. But it seems to us that the deed was fair upon its face as to the other grantor, as there were two witnesses to her signature, and we are of the opinion that this would hold good although the lands in question were community lands which could not be conveyed by either of the spouses separately. It was not within the province of the auditor to investigate as to the nature or character of the title of the grantors in determining whether or not the instrument was entitled to record. It might have related to her separate property, and if so, it was sufficiently executed by her husband, Isaac Carson, for the purpose of joining therein, although there was but one witness to his signature, if he was required at that time to join with her in a deed in order to pass the title to her separate real estate. His joining in such a case was simply a consent to her conveyance of the premises—he had no title therein and no title passed by his signature. If it was her separate property, the title passed by her grant with his consent. Consequently, if the deed was sufficient to pass the legal title in case it was her separate property, it was entitled to record, regardless of the fact as to whether it was her separate property or was the community property of the parties. And, being entitled to record, it was constructive notice to the defendants of the full rights of the grantee in and to the lands in controversy. Although at the time it was executed and recorded, the officer who took the acknowledgment of the wife had no authority under the laws of the Territory of Washington to take such acknowledgment, this was subsequently cured by the act aforesaid passed in November, 1873, which then rendered the instrument a valid one so far as its acknowledgment was concerned, and entitled it to record. It was then of record, and this was prior to the time that the defendants acquired their claimed rights or interests in the lands.

But there is a further ground upon which we think this instrument should be sustained as a deed sufficient to pass

the legal title of both grantors, regardless of the status of their ownership. While it is true that the statute at that time provided that a deed should be in writing, witnessed by two witnesses and acknowledged before some one of the persons specified, and while, looking at this statute alone, it might be contended unanswerably that a deed not so executed was invalid, yet, taking into consideration the curative acts passed from time to time relating to defective acknowledgments, in one case, as by section eight last cited, going to the extent of making an acknowledgment good theretofore taken before an officer who had no authority to take it, another making such instruments theretofore or thereafter executed valid as to acknowledgments where there were omissions in the certificate of acknowledgment, and also as to other defects of like character in such certificates, with the exception that it should not interfere with vested rights of innocent third parties (Laws 1873, p. 481; Abbott's Real Prop. Stat., p. 274), and another making the subsequently acquired title of the grantors inure to the benefit of the previous grantee (Laws 1871, p. 195; Abbott's Real Prop. Stat., p. 269), it is evident therefrom that the settled policy of the law was to render valid and give full force and effect to all conveyances voluntarily and in good faith signed by the grantors, and not to render such deeds ineffectual in consequence of an informality or defect as to the proof of their execution, and such purpose has been further recognized and continued by subsequent legislative acts. It is evident that the signature of the grantor was regarded as the important and essential thing. An acknowledgment of an instrument is but a manner or form of attesting its execution. The requirement of witnesses is but another, although additional form, of attesting it. The real object of these curative acts, relating to proof of execution, while in words limited to the acknowledgment of such instruments, was to cure all defects as to the attestation thereof where the attempt to convey was otherwise sufficient, and the intent to pass title was unquestioned. The want of a subscribing witness was clearly no more of a defect than was the want of

a legal acknowledgment thereto, if it was as serious a one, and the rendering of such deeds effectual as to defects in this particular was as clearly within the spirit of such acts as was the provision relating to acknowledgments within the letter. It is a well known rule of construction that a thing which is within the spirit of the law, although not strictly within its letter, is yet within the law, and we see no reason why the very evident intent of the law-making power as to such instruments should not be recognized and effectuated. Upon this ground we think the deed in question was rendered a valid and legal one by the curative acts aforesaidt, which were passed prior to the time he rights of the defendants in the premises accrued. There is nothing to show that it was not voluntarily and in good faith executed by the parties, for the purpose of transferring the title to the grantee.

Affirmed.

DUNBAR, C. J., and HOYT and STILES, JJ., concur.