[No. 5864. Decided December 28, 1905.]

THOMAS LYNCH, *Appellant,* v. ENOS B. CADE *et al., Appellants, and* SARAH J. MILLAR, *Respondent.*[1]

MORTGAGES—WITHOUT ACTUAL ACKNOWLEDGMENT—VALIDITY AS BETWEEN PARTIES—ESTOPPEL IN EQUITY TO QUESTION VALIDITY. A purchase money mortgage without actual acknowledgement, signed by the mortgagees when a certificate of acknowledgement was already filled out and signed, is valid as between the parties or purchasers of the property with notice.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered March 30, 1905, upon findings in favor of the defendants, after a trial on the merits before the court without a jury, in an action to quiet title. Affirmed.

*H. E. Foster* and *S. H. Steele,* for appellants.

*Thomas B. MacMahon* and *George McKay,* for respondent.

MOUNT, C. J.—Plaintiff brought this action to remove a cloud from the title of certain real estate. He alleged in the complaint, in substance, that he was the owner of the prop-

1Reported in 83 Pac. 118.

erty; that, prior to the time he purchased the same, E. B. Cade and wife, his grantors, signed a blank mortgage and delivered the same to defendant Sarah J. Millar, who, without the knowledge or consent of said Cade and wife, filled in the blanks in said mortgage, including a debt for $1,575, and wrote a description of said property therein, and without the knowledge and consent of said Cade and wife, had a notary public attach an acknowledgment thereto, regular in form and in all respects untrue and false, and filed the said mortgage for record; that the said mortgage was void and of no force or effect, and cast a cloud upon the title of appellant's property.

For answer the respondent, Sarah J. Millar, denied all the allegations of the complaint, and alleged affirmatively that, on August 24, 1904, she was the owner of real property described in the mortgage, and that on the said day she sold said property to Cade and wife for the sum of $2,200; that $1,575 of the purchase price of said real estate was paid in stock of a corporation, at the agreed price of ten cents per share; that at said time Cade and wife entered into an agreement, in writing, guaranteeing the price of said stock at ten cents per share for one year, and agreeing that, at the end of the year, they would purchase all of said stock which respondent Millar had not then sold at ten cents per share; that to secure the said contract Cade and wife executed a mortgage upon the property for $1,575; that said respondent, at the end of the year, had been unable to sell one thousand shares of the said stock, and that the same was worthless; that she had tendered said stock to said Cade and wife, and that there was due at the time of the answer one hundred dollars, for which the mortgage was security; that the plaintiff took title to the property with notice of respondent's lien. She then prayed for a foreclosure of the mortgage. Cade and wife denied the answer of respondent. Plaintiff replied to respondent's answer, and denied substantially the allegations of the answer. At the trial, Cade

and wife assumed the burden of plaintiff's case. Findings were made in favor of the defendant Sarah J. Millar, and a decree of foreclosure was entered. Plaintiff and defendants Cade and wife have appealed.

It is conceded in the case that the appellant Lynch had notice of the mortgage, and is prosecuting this action for the benefit of Cade and wife, who have agreed to pay all expenses in connection with the case, and to pay whatever judgment is obtained against the land or said Lynch. Cade and wife are therefore the real parties in interest. At the trial Cade and wife admitted, on the witness stand, that they purchased the lot from respondent Millar; that they paid $1,575 of the purchase price in stock of the Tide Power Fog Signal Company, a corporation, and agreed to guarantee the price of said stock at ten cents per share for one year, and to repurchase at ten cents per share all that Mrs. Millar had not sold at the end of the year; that they intended to give a mortgage on the lot to secure the contract, and that they signed a blank mortgage for that purpose. They maintain, however, that the mortgage they signed was an entire blank printed form, without the description of the land, and that it was not acknowledged, and the notary's blank acknowledgement was not signed by the notary.

Respondent Millar conceded that the acknowledgement of the mortgage was not taken, as a matter of fact, but claims that the acknowledgement was properly filled in, and that the notary had signed the same prior to the execution of the mortgage by the appellants Cade and wife. Respondent's evidence tended to show, and the trial court found, that the blank mortgage, before it was executed, was properly filled out, with the amount which it was given to secure, and with the description of the land given as security, and that the notary's acknowledgment was upon the mortgage at the date it was signed by Cade and wife.

The only point seriously contended for on this appeal is

that the mortgage was void because it was not, in fact, acknowledged. Conceding that the mortgage would be void as to the purchasers without notice or creditors of the mortgagors, it was good as between the parties. *Mann v. Young,* 1 Wash. Ter. 454; *Edson v. Knox,* 8 Wash. 642, 36 Pac. 698; *Carson v. Thompson,* 10 Wash. 295, 38 Pac. 1116. We have seen that Cade and wife, who executed the mortgage, are the only parties in interest in this action. They admitted that they intended to give a mortgage upon this piece of land to secure a part of the purchase price, and the court found from the evidence that they signed the mortgage, perfect in form, and which they intended to give. The court was amply justified from the evidence in finding this fact. Cade and wife cannot be permitted to come into a court of equity and say that the mortgage which they intended to give is void, and thus defeat the payment of the purchase price of the land which they bought, and upon which they gave the void mortgage back to secure the same. If they did not acknowledge the mortgage, they intended to do so, and should have done so. They cannot in this action be heard to say they did not. The mortgage should therefore be held valid as to them.

The judgment is affirmed.

DUNBAR, CROW, FULLERTON, HADLEY, RUDKIN, and ROOT, JJ., concur.