[No. 14654. Department One. June 18, 1918.]

KNICKERBOCKER COMPANY, *Respondent,* v.
ELSIE C. HAWKINS *et al., Appellants.*[1]

HUSBAND AND WIFE—WIFE'S SEPARATE DEBT—CONSIDERATION FOR
NOTE—HUSBAND'S DEBT. In view of Rem. Code, §§ 5925-5927, re-
moving all disabilities imposed by the common law upon married
women, extension of time for payment of the husband's separate
debt is a sufficient consideration for the wife's note and mortgage
binding her separate property.

Appeal from a judgment of the superior court for
King county, Smith, J., entered October 13, 1917, upon
findings in favor of the plaintiff, in an action on a
promissory note, tried to the court. Affirmed.

*Kerr & McCord,* for appellants.

*Charles A. Riddle,* for respondent.

PARKER, J.—The plaintiff, Knickerbocker Company,
seeks recovery upon a promissory note and the fore-
closure of a mortgage securing payment thereof, both
of which were executed by the defendants, Elsie C.
Hawkins and husband. Trial in the superior court re-
sulted in judgment and decree of foreclosure against
both defendants, from which she alone has appealed to
this court. She defended in the superior court upon
the theory that the note was given in payment of the
separate debt of her husband, and that the property
conveyed by the mortgage was then, and still remains,
her separate property, and that, therefore, both were
executed without consideration, in so far as her sep-
arate or community liability is concerned. She also
defended in the superior court upon the theory that
she executed the note and mortgage under duress and
against her will. Her husband made no defense in the

[1]Reported in 173 Pac. 628.

trial court, nor does he here seek reversal of the judgment and decree.

In October, 1913, appellant's husband had been an employee of respondent for several years and had then become indebted to it in the sum of $1,745, which indebtedness was, at least in part, the result of appropriations made by him from time to time of its funds. Whether or not these appropriations were of such wrongful character as to render him criminally liable therefor is not rendered certain by the evidence before us, though the appellant insists that the president of the corporation so viewed her husband's appropriations. In order to settle this indebtedness, appellant and her husband, on November 1, 1913, executed the note and mortgage here sued upon, which being payable three years after date, matured on November 1, 1916. Thereafter the debt evidenced thereby having remained wholly unpaid, this suit was commenced in the superior court for King county, seeking judgment and foreclosure as above noticed. Appellant claims that she was coerced and induced to execute the note and mortgage against her will by the threat of the president of the respondent to prosecute her husband criminally if she did not do so. No prosecution was ever instituted, nor were any public officers ever consulted by the president of respondent looking to the institution of any such prosecution. We assume, for argument's sake, that the property covered by the mortgage was, at the time of its execution, and still is, her separate property, and also that the debt, by reason of the manner of its creation, was the separate debt of her husband.

It is first contended in appellant's behalf that the debt of her husband for which the note and mortgage were executed by her with him being his separate debt, there was no consideration moving to her to support

any legal liability against her or her separate property. This contention seems to be fully answered by our statutes removing all disabilities imposed by the common law upon married women and rendering them as free to contract with reference to their separate property as unmarried women. Sections 5925, 5926 and 5927, Rem. Code. Manifestly, had appellant been a stranger to her husband and executed the note and mortgage with him, she and her separate property would have been bound by such execution, and the three years' extension of time given by the respondent to her husband for the payment of the debt would have been ample consideration therefor. In view of the status of married women as to their property and their power to contract under our statutes, it seems to follow as a matter of course that this consideration was sufficient to support her contract evidenced by the note and mortgage. *Jamison v. Jamison,* 3 Whart. (Pa.) 457, 31 Am. Dec. 536; *Green v. Scranage,* 19 Iowa 461, 87 Am. Dec. 447.

Counsel for appellants seem to place some reliance upon the early decision of this court in *Board of Trade of Seattle v. Hayden,* 4 Wash. 263, 30 Pac. 87, 32 Pac. 224, 31 Am. St. 919, 16 L. R. A. 530, holding that the wife's power to contract under our statute does not enable her to bind her separate property by a contract of partnership with her husband. In that case there was involved the rights of creditors who were seeking to subject the wife's separate property to the payment of their claims upon the theory that she was her husband's partner in the business, the creditors' claims being debts contracted by the alleged partnership. That, we think, is quite different from the question of the liability of the wife arising out of her express contract evidencing a specified debt and security therefor as a charge against her separate property. It seems quite

plain to us that the note and mortgage here involved cannot fail in their binding effect as against appellant and her separate property because of want of consideration.

It is next contended in appellant's behalf that the note and mortgage are void because executed under duress consisting of threats on the part of the president of respondent to have her husband criminally prosecuted unless she executed with her husband the note and mortgage in question. This contention presents only a question of fact, as to which the evidence is in serious conflict in so far as it consists of the testimony of interested witnesses. Should we look only to the testimony of such witnesses, it might be said that the evidence is fairly evenly balanced, but there were facts appearing from other evidence which to our mind fully warranted the trial judge in concluding that appellant freely and voluntarily executed with her husband the note and mortgage sued upon. We do not think this contention calls for further discussion.

The judgment and decree are affirmed.

MAIN, C. J., FULLERTON, MITCHELL, and TOLMAN, JJ., concur.