[No. 17673.  Department Two.  April 21, 1923.]

FIDELITY & CASUALTY COMPANY OF NEW YORK, *Respondent,* v. J. M. NICHOLS *et al., Appellants,* JOHN P. DUKE *et al., Defendants.*[1]

DEEDS (12)—VALIDITY—ACKNOWLEDGMENT.  An unacknowledged deed is good as between the parties.

SAME (21-2)—MISTAKE—MEANS OF KNOWLEDGE.  A grantor cannot question her deeds because she did not know their contents, when the means of knowledge were at hand when executed.

HUSBAND AND WIFE (25-31)—WIFE'S SEPARATE ESTATE—LIABILITIES AND CHARGES—DEEDS—CONSIDERATION.  An indebtedness due from a husband is a sufficient consideration for the wife's deed of her separate property in payment of or security for the debt.

Appeal from a judgment of the superior court for Pierce county, Askren, J., entered April 6, 1922, upon findings in favor of the plaintiff, in an action to foreclose mortgages, tried to the court.  Affirmed.

*B. W. Coiner,* for appellants.
*Karr & Gregory* and *H. G. Sutton,* for respondent.

PER CURIAM.—This action was brought by the respondent to foreclose as mortgages certain instruments in the form of deeds given by appellants, J. M.

[1]Reported in 214 Pac. 820.

Nichols and his wife, to the respondent, the Fidelity & Casualty Company, as security for losses sustained by the company in completing a public contract theretofore entered into by J. M. Nichols and on which he had made default.

In the attempted performance of a contract to construct a public bridge, Mr. Nichols met with financial difficulties, and the respondent, as surety on his bond, took over the work and completed it, sustaining a loss in excess of $10,000. The deeds, which included Mrs. Nichols' separate property, were regular in form, and upon their face appeared to be properly signed and acknowledged before a notary public. No statement of facts is brought here, but the court found, among other things:

"That neither of the said deeds, Exhibits 'A' and 'B', were acknowledged by the defendant Jennie Narcissa Nichols before an officer authorized to take acknowledgments of deeds within the state of Washington, and that at the time of signing said deeds the defendant Jennie Narcissa Nichols did not know that the real property, Lots 1 to 4, in Block 23, Coulter's Addition to Tacoma, was included in the description in either of said deeds, but that the same were signed by her freely and voluntarily, she preferring to rely upon information given her by her husband as to the description, rather than to ascertain for herself, the means of ascertainment being at hand."

Upon this and other findings, the court ordered the foreclosure of the deeds as mortgages, and the sole question is whether, under this finding, such a judgment should stand.

We have repeatedly held that an unacknowledged deed or mortgage was good as between the parties. *Matson v. Johnson*, 48 Wash. 256, 93 Pac. 324, 125 Am. St. 924; *Lynch v. Cade*, 41 Wash. 216, 83 Pac. 118;

*Bloomingdale v. Weil,* 29 Wash. 611, 70 Pac. 94; *Carson v. Thompson,* 10 Wash. 295, 38 Pac. 1116.

Neither can Mrs. Nichols question the deeds because she did not know what they contained when she signed them; the means of knowing being at hand at the time she so signed. *Hayward v. Tacoma Savings Bank & Trust Co.,* 88 Wash. 542, 153 Pac. 352; *Hubenthal v. Spokane & Inland R. Co.,* 43 Wash. 677, 86 Pac. 965.

It is also argued that, as to Mrs. Nichols, there was no consideration for the deeds. We have held, however, that an indebtedness due by the husband is sufficient consideration for the transfer of the wife's separate property in payment of or as security for the debt. *Knickerbocker Co. v. Hawkins,* 102 Wash. 582, 173 Pac. 628; *Northern Bank & Trust Co. v. Graves,* 79 Wash. 411, 140 Pac. 328.

The judgment is amply sustained by the findings, hence it is affirmed.