[No. 21000. Department Two. April 5, 1929.]

*In the Matter of the Estate of* JAMES DEAVER, *Deceased.* ELAINE SMITH, *as. Guardian, Appellant,* v. WALTER B. ALLEN, *as Executor, Respondent.*[1]

*Greene & Henry,* for appellant.
*Frank S. Griffith,* for respondent.

FULLERTON, J.—On April 7, 1925, one James Deaver, then a resident of King county, Washington, died at Bremerton, in Kitsap county. He left a will in which he divided his property equally between his two sons, Oscar Deaver and Earl Ramsey Deaver, the latter being a minor. He appointed the respondent, Walter

[1]Reported in 276 Pac. 296.

B. Allen, as the executor of his will. Allen qualified as such executor, and was proceeding with the administration of the estate, when, on September 23, 1926, the appellant, Elaine Smith, as guardian of the property of the minor son, filed a petition in the probate proceedings, seeking to require the respondent to list certain real property, which she alleged was property of the estate, and which the respondent had not included in his inventory as such property. A citation was issued, directed to the respondent, requiring him to show cause why the property should not be so listed. The respondent answered, denying the allegations of the petition, and averring affirmatively that the property sought to be listed was not the property of the deceased at the time of his death. On the issues thus framed, a trial was had, resulting in a denial of the relief sought, and a dismissal of the petition. The present appeal is from the order of dismissal.

The property which the petitioner sought to have listed as property of the estate, was formerly owned by James Deaver. About a year prior to his death, a deed was executed, bearing his name as grantor, purporting to convey the property to his eldest son. The petitioner attacked the validity of the deed, making three principal contentions: First, that the deed was a forgery, second, that it was without consideration, and, third, that it was not executed with sufficient formality to pass title.

The principal controversy was over the first of the contentions. The evidence introduced as bearing upon it was widely conflicting, and, as transcribed for the purposes of the appeal, it forms a somewhat massive record. To review it in detail, would be purposeless. We content ourselves, therefore, with saying that we have examined it with care, and find that the trial court decided in accordance with its preponderance.

██  The second contention is also without merit. It would seem that, from the relation of the parties, no fraud or other ulterior purpose appearing, the consideration of love and affection would be ample to support the deed. But there was evidence of a valuable consideration. The son owned a tract of land in another part of the city of Seattle, which the father sold under a power of attorney, and deeded to the son the tract in question, in lieu of the purchase price of the tract sold.

██  The third contention is founded on the fact that the instrument of conveyance did not bear the impression of the notarial seal of the notary public who took the acknowledgment of the deed. But the deed is not invalid as a conveyance for that reason. The deed was valid as between the parties, and valid as to all persons claiming under the grantor, except, perhaps, a purchaser of the property for a valuable consideration who took without actual notice of the outstanding deed. *Mann v. Young*, 1 Wash. Terr. 454; *Edson v. Knox*, 8 Wash. 642, 36 Pac. 698; *Carson v. Thompson*, 10 Wash. 295, 38 Pac. 1116; *Bloomingdale v. Weil*, 29 Wash. 611, 70 Pac. 94; *Lynch v. Cade*, 41 Wash. 216, 83 Pac. 118; *Matson v. Johnson*, 48 Wash. 256, 93 Pac. 324, 125 Am. St. 924; *Fidelity & Casualty Co. v. Nichols*, 124 Wash. 403, 214 Pac. 820.

The order of the trial court is affirmed.

MAIN, BEALS, and HOLCOMB, JJ., concur.