[No. 25400.   Department One.   April 4, 1935.]

ALEXANDER BREMNER, *Respondent*, v. F. A. SHAFER
*et al., Appellants.*[1]

[1]Reported in 43 P. (2d) 27.

*Neil C. Bardsley* and *H. N. Martin,* for appellants.

*William T. Beck, E. A. Cornelius,* and *Joseph McCarthy,* for respondent.

BEALS, J.—Under date of May 28, 1930, F. A. Shafer and his wife, Margaret A. Shafer, executed their joint and several promissory note, in writing, for the sum of five thousand dollars, due on or before five years, payable to the order of Alexander Bremner, the plaintiff in this action. On the same date, Mr. and Mrs.

Shafer signed a mortgage upon a tract of land in Ferry county, Mr. Bremner being named as mortgagee, the mortgage reciting that the same was executed as security for the payment of a five thousand dollar note signed by the mortgagors, bearing even date. In the latter instrument, "F. A. Shafer, husband of Margaret A. Shafer," was named as sole mortgagor. The certificate of acknowledgment bears date June 2, 1930, the notary certifying that "personally appeared before me F. A. Shafer, husband of Margaret A. Shafer," who acknowledged the instrument, etc.

The mortgage contains a covenant to the effect that the mortgagors will, before delinquency, pay all taxes and assessments levied against the mortgaged property, and that

"Fifth, that in case they shall fail to pay such taxes and assessments, or procure such insurance, the said party of the second part, his heirs or assigns, may pay the same or procure such insurance, and they hereby agree to repay to such party all the moneys so paid, with interest thereon, at the rate of 7 per cent per annum until repaid, and this mortgage shall stand as security therefor. Sixth, in case any taxes shall become delinquent and remain unpaid, or such insurance shall not be procured by said first parties as aforesaid, or in case any principal or interest as provided in said notes shall become due and remain unpaid, then the whole of the principal and interest of said note and all moneys secured hereby shall immediately become due and payable without notice, and this mortgage may be foreclosed . . ."

February 14, 1933, this action was instituted, plaintiff alleging the execution of the note and mortgage above referred to; that the mortgage was acknowledged by the mortgagors; that the defendants failed to pay the taxes for 1931 against the mortgaged property, that the same had become delinquent, and that

plaintiff, to protect his security, had paid the same in the sum of $251.18; and that plaintiff, because of the failure of defendants to pay the taxes, had declared the entire amount due and secured by the mortgage immediately payable. May 25, 1933, plaintiff, without leave of the court first obtained, filed an amended complaint, alleging substantially the same facts as in his complaint, but in addition praying that the mortgage be reformed by adding the name of defendant Margaret A. Shafer to the mortgage and the certificate of acknowledgment thereto; plaintiff also asking for the relief usually incident to a mortgage foreclosure.

Defendants moved to strike the amended complaint, upon the ground that the same was filed without leave of court and while a demurrer against the original complaint was still pending; alleging as a further ground for their motion that, in the amended complaint, plaintiff alleged, as a basis for his prayer for the reformation of the mortgage, a condition existing at the time of the commencement of the action, which, by failing to refer to in his original complaint, plaintiff had estopped himself from later setting up as a ground for relief.

Defendants' motion to strike was denied and their demurrer overruled; whereupon they answered, alleging that defendant F. A. Shafer had executed the note and mortgage referred to in plaintiff's amended complaint, and that the mortgage had been acknowledged by him only. They further alleged the payment to plaintiff of a sum sufficient for the payment of taxes against the mortgaged property. By way of an affirmative defense, defendants further alleged that, prior to the commencement of the foreclosure action, they had sued plaintiff for damages for an alleged conversion of water affecting the mortgaged land,

their damages being laid in the sum of five thousand dollars. Defendants prayed that plaintiff take nothing by his action, and "that the same be dismissed, and this action be held in abeyance until after the disposal of the action of these defendants against said plaintiff and others."

Plaintiff replied to defendants' affirmative defense with denials, and the action proceeded regularly to trial, whereupon the court entered an interlocutory order declaring that the mortgage signed by defendants was a valid mortgage; that two hundred fifty dollars paid by defendants to plaintiff was not paid on account of their note and mortgage, and that defendants were not entitled to any credit thereon as against taxes paid by plaintiff; that certain interest had become due on the note and was delinquent. The order then proceeded to stay proceedings in this action from the date of the order, October 9, 1933, until January 1, 1934, so that defendants might have an opportunity to make the payments necessary to place their note and the mortgage in good standing.

Defendants failing to avail themselves of this privilege, the trial court, April 7, 1934, entered its decree granting plaintiff judgment on the note and foreclosing the mortgage signed by defendants, directing that the property covered thereby be sold and the proceeds applied on the judgment. The decree did not provide that the mortgaged property be sold in parcels, nor did it state whether or not the property could advantageously be exposed for sale in that manner.

From this decree, defendants have appealed, assigning error, first, upon the denial of their motion to strike the amended complaint and the overruling of their demurrer; second, upon the court's refusal to grant their motion to dismiss the action, interposed at the opening of the trial; next, upon the rulings of the

court declaring the mortgage to have been executed in accordance with law by both appellants, holding that the two hundred fifty dollars paid to respondent by appellants should not be credited on the indebtedness secured by the mortgage, and in including in the judgment payments which became due subsequent to the institution of the action and certain items which appellants contend represented indebtedness not alleged to be due. Appellants also contend that the trial court erred in directing the property to be sold under a decree of foreclosure, and in ordering the sheriff to sell the property as a whole without first ascertaining whether or not the same could be sold in parcels and a sufficient sum realized to pay the delinquencies due under the mortgage without a sale of the entire tract. Appellants also object to the order which was later entered confirming the sale.

The matter of the filing of amended pleadings is one very largely within the discretion of the trial court. The fact that, when an amended complaint is submitted, a demurrer to the original complaint is pending, is no reason why the filing of the amended complaint should not be allowed. The whole matter should be considered by the trial court on the merits, and such action taken as will further substantial justice, subject to recognized rules of practice.

In the case at bar, the denial of appellants' motion to strike the amended complaint amounted to granting leave to file the same, and we find no error in the action of the trial court in this connection.

The fact that, in his original complaint, respondent did not plead the facts which were later pleaded as a basis for respondent's prayer for a reformation of the mortgage, did not amount to a waiver of such an incident to his cause of action, if one existed. There is no inconsistency between the origi-

nal complaint and the amended complaint, and appellants' objection to the amended complaint on this ground is not well taken.

■ Appellants' assignment of error based upon the order of the trial court overruling their demurrer to the amended complaint and the later ruling denying their motion to dismiss at the opening of the trial may be considered together. Appellants argue that the amended complaint fails to state facts sufficient to constitute a cause of action, in that it appears therefrom that the mortgage therein referred to was not due, and that the default in payment of taxes relied upon therein gave respondent—he having himself paid the delinquent taxes—no more than a right to add this amount to the principal of the mortgage and receive interest thereon, pending maturity of the note which the mortgage had been given to secure.

The paragraph of the mortgage above quoted, whereby the mortgagors agreed to repay moneys paid by the mortgagee on account of delinquent taxes against the property, fixes no definite time for such repayment. The portion of the paragraph immediately following, however, also above quoted, provides that, in case any taxes shall become delinquent or remain unpaid, etc., the whole of the principal and interest of the note and all money secured thereby shall immediately become due and payable, and that the mortgage may be foreclosed. Construing the two sections together, it seems clear that the amount of taxes paid by the mortgagee should be repaid by the mortgagors, upon reasonable demand, under penalty of foreclosure of the mortgage.

The institution of the action would of itself constitute a demand, subject, of course, to any tender, which might present an issue proper to be determined by the court, in which the matter of costs would also

be considered. No such question is here presented, as appellants made no tender, and the trial court did not err in overruling appellants' demurrer and denying their motion for a dismissal.

Appellants contend that the trial court erred in decreeing that the mortgage in suit was the valid mortgage of appellants Shafer. In support of this assignment of error, they argue that the mortgage was defective, in that it was not acknowledged by Mrs. Shafer. The latter admitted that she signed the note and the mortgage, and, the rights of no third party having intervened, and the question presented raising an issue only as between the original parties to the transaction, the court could, if warranted by the evidence, foreclose the mortgage against appellants, notwithstanding the fact that it had not been acknowledged by Mrs. Shafer. That is all that was done here, and examination of the record convinces us that the facts amply warranted the trial court in foreclosing the mortgage as against the community composed of Mr. and Mrs. Shafer and as against her.

The rule applicable to this phase of the case was laid down by this court in the case of *Fidelity & Casualty Co. v. Nichols,* 124 Wash. 403, 214 Pac. 820, which was an action brought for the purpose of foreclosing as mortgages certain instruments in the form of deeds, signed by J. M. Nichols and Jennie N. Nichols, his wife. Mrs. Nichols resisted foreclosure on the ground that she had never acknowledged the instruments as required by law, although proper certificates of acknowledgment followed the deeds. The lower court found

" . . . that neither of the said deeds, Exhibits 'A' and 'B', were acknowledged by the defendant Jennie Narcissa Nichols before an officer authorized to take acknowledgments of deeds within the state of Washington . . .,"

and in the absence of a statement of facts this finding was binding on appeal. The lower court entered a decree foreclosing the deeds as mortgages, which was affirmed by this court. In the course of the opinion, we said:

"We have repeatedly held that an unacknowledged deed or mortgage was good as between the parties. *Matson v. Johnson,* 48 Wash. 256, 93 Pac. 324, 125 Am. St. 924; *Lynch v. Cade,* 41 Wash. 216, 83 Pac. 118; *Bloomingdale v. Weil,* 29 Wash. 611, 70 Pac. 94; *Carson v. Thompson,* 10 Wash. 295, 38 Pac. 1116."

The question of the effect of a defective acknowledgment of a deed was also considered in *In re Deaver's Estate,* 151 Wash. 454, 276 Pac. 296, in which this court held that the deed in question was valid as between the parties, notwithstanding the fact that the acknowledgment did not bear any impression of the notary's notarial seal. The action of the superior court in the case at bar on the phase of the matter now under discussion was clearly supported by the facts, and warranted by the law.

In the course of the transaction between the parties, appellants paid respondent two hundred fifty dollars. They now contend that they were not indebted to respondent in any amount save the face of their note, and that this sum should have been used by respondent in paying the taxes against the mortgaged land. Respondent contended that the two hundred fifty dollars was due him for expenses which he had incurred in making the original deal. On cross-examination, appellant F. A. Shafer admitted that respondent had incurred expense in connection with certain negotiations affecting the property afterwards mortgaged to respondent, and also testified that he made no claim that the two hundred fifty dollars was to cover taxes until sometime after that payment had

been made. In its interlocutory order of October 9, 1933, the trial court found that the two hundred fifty dollar payment was not made on account of the note and mortgage here in suit, and in our opinion the evidence preponderates in favor of this finding.

It nowhere appears in the record that respondent ever evidenced any intention to treat the amount which he paid on account of taxes as simply added to the principal secured by the mortgage. In the absence of any evidence indicating such an intention on his part, the fact that he had paid the taxes would not place appellants in any more advantageous position than they would have occupied had respondent allowed the taxes to remain delinquent. Appellants agreed to pay these taxes, and they failed to do so. Respondent, then, had the right to declare the obligation secured by the mortgage due. Appellants made no tender and failed to avail themselves of the opportunity which the trial court afforded them to place the mortgage in good standing. We find no error in any of the rulings of the trial court in connection with these matters.

While appellants did set forth, by way of an affirmative defense, that they were waging an action for damages against respondent in connection with some alleged wrongful diversion of water by him, to their detriment, they did not plead such a cause of action as a counterclaim. Whether proceedings in the case at bar should have been stayed pending trial of the other action, or consolidated with the other action, were matters concerning which the trial court had a large discretion. From the record before us, we are unable to find any indication that the trial court erred in refusing to delay this proceeding until the action for damages should be disposed of.

Appellants next argue that the trial court

erred in taking into consideration amounts which became due after the commencement of the action. While no supplemental complaint was filed, based upon subsequent accruals of interest or other items, the trial court did not err in its rulings on such items. The case is of equitable cognizance, and, a cause of action having been stated, matters in connection therewith, occurring subsequently by way of accruing interest, were properly considered. In this connection, appellants cite Rem. Rev. Stat., § 1126 [P. C. § 8207], which reads as follows:

"Whenever a complaint is filed for the foreclosure of a mortgage upon which there shall be due any interest or installment of the principal, and there are other installments not due, if the defendant pay into the court the principal and interest due, with costs, at any time before the final judgment, proceedings thereon shall be stayed, subject to be enforced upon a subsequent default in the payment of any installment of the principal or interest thereafter becoming due. In the final judgment, the court shall direct at what time and upon what default any subsequent execution shall issue."

It does not appear from the record that appellants ever sought to avail themselves of the provisions of this section. They were accorded a period of grace within which to place their obligation in good standing, and failed to take advantage of the opportunity offered them. Appellants' assignment of error in this connection is without merit.

Appellants next cite Rem. Rev. Stat., § 1127 [P. C. § 8208], which provides that, after final judgment, the court shall ascertain whether or not the property directed to be sold can be sold in parcels, and that only so much thereof shall be sold as will be sufficient to pay the amount due on the mortgage, etc.

The decree herein directs the sheriff to sell the property "in the manner provided by law for the sale of property in mortgage foreclosure." It nowhere appears that appellants made any request that the order of sale direct that the property be sold in parcels. The decree recites the presence of appellants' counsel, and an exception is noted on the decree to the effect that appellants except to entering a decree establishing the mortgage as a valid lien.

The section of the statute above referred to apparently contemplates that, after the entry of the decree of foreclosure, some proceeding shall be instituted before the court which will enable the court, after such investigation as may be necessary, to determine whether or not the property may be subdivided and exposed for sale in parcels. The court is not obligated to initiate such a supplementary proceeding upon its own motion. Doubtless, the matter could have been taken up before the entry of the decree, and, under the statute referred to, it certainly could have been presented afterwards and before the issuance of special execution and order of sale. Appellants, having failed to seasonably present this matter to the court, cannot now complain of the procedure followed in executing the judgment.

Finally, appellants object to the order of confirmation of sale, in that the same was signed by a judge against whom appellants had seasonably filed an affidavit of prejudice. The order of confirmation was, of course, entered long subsequent to the filing of the decree and the giving of notice of appeal therefrom. The appeal from the decree of foreclosure does not bring before us for review orders subsequently entered. Appellants' assignment of error in connection with the order confirming the sale cannot now be considered.

**388**

Finding no error in the record, the judgment appealed from is affirmed.

MILLARD, C. J., MAIN, TOLMAN, and GERAGHTY, JJ., concur.